549 So.2d 701 (1989)
STATE of Florida, Appellant,
v.
Tim CARR and James Franklin Sharp, Appellees.
No. 89-0504.
District Court of Appeal of Florida, Fourth District.
September 6, 1989.
Rehearing Denied October 18, 1989.
Robert A. Butterworth, Atty. Gen., Tallahassee and Miles Ferris, Asst. Atty. Gen., West Palm Beach, for appellant.
Richard L. Jorandby, Public Defender and Tanja Ostapoff, Asst. Public Defender, West Palm Beach, for appellees.
PER CURIAM.
The state appeals an order granting a motion to suppress physical evidence. The evidence showed that Detective James Murray of the Pompano Beach Police Department contracted to work as a security guard for Motel 6 on his off hours. While on patrol at 1 a.m. Detective Murray saw a black male standing outside one of the rooms. As Murray approached, the man left. Five minutes later Murray again saw the same individual at the same motel room knocking on the door. When the man saw Detective Murray he again walked away. Murray asked the man why he was knocking on the door. The man said that he was looking for a ride, but indicated that he did not know the occupants of the room. Detective Murray, who was suspicious that the man was intending a burglary, asked him to knock on the motel room door again. The lights were on in the room. On the third knock the door was opened by the defendant/appellant, Tim Carr. Detective Murray asked Carr if he knew the man who had been knocking on the door. Murray then noticed cocaine rocks and paraphernalia in the room on a table. Murray *702 arrested the occupants. Carr was charged with possessing cocaine and drug paraphernalia. Carr filed a motion to suppress physical evidence on grounds that the officer had no reason to believe that any illegal activity was occurring in the room at the time that he knocked on the door. The trial court granted the motion to suppress. This appeal followed. We reverse.
It is undisputed that Detective Murray was employed to protect the premises of Motel 6 and that he was entitled to detain the unidentified man who he observed in suspicious circumstances outside a motel room in the middle of the night. The Detective was justified in investigating the circumstances of the unidentified man's presence on the property; indeed, his duty required him to investigate. The United States Supreme Court has frequently acknowledged the necessity of police investigation. Without such investigation, those who are innocent might be falsely accused, and those who are guilty might escape prosecution, allowing crimes to go unsolved. See generally, United States v. Mendenhall, 446 U.S. 544, 100 S.Ct. 1870, 64 L.Ed.2d 497 (1980). Additionally the Florida Supreme Court has recognized in State v. Morsman, 394 So.2d 408 (Fla. 1981) that "one does not harbor an expectation of privacy on a front porch where salesmen or visitors may appear at any time." Thus in the instant case the detective did not intrude into the constitutionally protected area of the motel room prior to the time that he observed the contraband since he merely knocked on the door. The contact between the Detective and the occupants of the motel room was voluntary. The occupants remained free to ignore the knock and retain their seclusion. Only after the occupants opened the door and exposed the contraband to open view did the Detective enter the room. At that point he had probable cause to make an arrest. Because the contraband was inadvertently observed by the Detective from a place where he had a right to be, a nonconstitutionally protected area, the evidence he observed was properly seized. This is particularly true since the officer was investigating suspicious circumstances which may have posed a danger to the occupants of the room. Thus, the motion to suppress was erroneously granted.
REVERSED.
HERSEY, C.J., and WALDEN and POLEN, JJ., concur.