662 So.2d 406 (1995)
Jill GNANN, Appellant,
v.
STATE of Florida, Appellee.
No. 93-03457.
District Court of Appeal of Florida, Second District.
November 3, 1995.
*407 Elizabeth L. Hapner of Elizabeth L. Hapner, P.A., Tampa, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Tonja R. Vickers, Assistant Attorney General, Tampa, for Appellee.
BLUE, Judge.
Jill Gnann appeals the denial of her motion to suppress. She contends that she, the occupant of a motel room, was entitled to the same rights against a warrantless arrest and search as the occupant of a private dwelling. Because the state failed to prove that the warrantless entry to Gnann's motel room was lawful, we reverse.
The Fourth Amendment prohibits the police from making a warrantless and nonconsensual entry into a suspect's home for purposes of making a felony arrest unless exigent circumstances are present. Payton v. New York, 445 U.S. 573, 100 S.Ct. 1371, 63 L.Ed.2d 639 (1980). A motel room is considered a private dwelling if the occupant is there legally, has paid or arranged to pay, and has not been asked to leave. Wassmer v. State, 565 So.2d 856, 857 (Fla. 2d DCA 1990). The constitutional rights and privileges that apply to occupants of private permanent dwellings also apply to motel guests. Wassmer; Turner v. State, 645 So.2d 444, 447 (Fla. 1994).
Gnann was arrested, without a warrant, for drug offenses based on contraband found in her motel room during a warrantless search. She filed a motion to suppress evidence, asserting that the motel room was rented by her. The state presented no facts to the contrary. The following undisputed facts were presented by stipulation at the suppression hearing. On September 12, 1992, Tampa police officers stopped an individual, Lisa, for a traffic offense. Lisa told the officers that she had information regarding the presence of cocaine at a local motel. Lisa called the motel room and arranged to purchase cocaine there. It is undisputed that at this point the officers had probable cause to obtain a warrant to arrest Gnann or obtain a warrant to search her motel room. However, the officers made a decision to not *408 obtain a warrant and instead proceeded to the motel.
At the motel, Lisa knocked on the room door and entered. The officers were in the corridor outside the room, and through a gap in the curtains, observed Gnann cutting cocaine. Rather than obtain an arrest or search warrant based on this additional information, the officers knocked, the door was opened, the officers entered the room and arrested Gnann. The record does not confirm who opened the door and allowed the officers to enter. The police immediately arrested Gnann and conducted a thorough search which revealed illegal drugs.
Searches conducted without a warrant are per se unreasonable unless conducted within the framework of a few specifically established and well delineated exceptions. Katz v. United States, 389 U.S. 347, 88 S.Ct. 507, 19 L.Ed.2d 576 (1967). The state has the burden of showing that a warrantless search comes within one of the recognized exceptions. Coolidge v. New Hampshire, 403 U.S. 443, 91 S.Ct. 2022, 29 L.Ed.2d 564 (1971); McCombs v. State, 433 So.2d 4 (Fla. 2d DCA 1983). The five basic exceptions are: (1) consent, (2) incident to a lawful arrest, (3) with probable cause to search but with exigent circumstances, (4) in hot pursuit, and (5) stop and frisk. Engle v. State, 391 So.2d 245 (Fla. 5th DCA 1980).
"Hot pursuit" and "stop and frisk" are not relevant here. "Consent" is not supported by the record because the state failed to present any evidence that Gnann authorized the officers to enter her motel room or search the room. "Incident to a lawful arrest" is inapplicable because the warrantless arrest of Gnann was unlawful. As discussed above, the Fourth Amendment prohibits a warrantless and nonconsensual entry of a lawfully occupied motel room for the purpose of making a felony arrest absent exigent circumstances. United States v. Standridge, 810 F.2d 1034 (11th Cir.), cert. denied, 481 U.S. 1072, 107 S.Ct. 2468, 95 L.Ed.2d 877 (1987); Sturdivant v. State, 578 So.2d 869 (Fla. 2d DCA 1991). Finally, the state failed to present any evidence of exigent circumstances justifying the warrantless arrest of Gnann or the search of the room. The officers' deliberate decision to forego a warrant did not provide them with exigent circumstances to make a warrantless search of a constitutionally protected area. See Alvarado v. State, 466 So.2d 335 (Fla. 2d DCA 1985) (law enforcement's self-imposed delay in obtaining warrant does not convert to exigent circumstances).
Because the officers failed to obtain a warrant and the state failed to prove that Gnann's arrest and the subsequent search were lawful, the motion to suppress should have been granted. Accordingly, we reverse the denial of Gnann's motion to suppress.
THREADGILL, C.J., and PATTERSON, J., concur.