PER CURIAM.
Following a plea of no contest to the charges of possession of cocaine and possession of drug paraphernalia, Curtis Johnson appeals his dispositive motion to suppress. We reverse because the law enforcement officer did not have reasonable suspicion to conduct a Terry[1] stop based on an anonymous informant’s tip or probable cause to arrest Johnson based on the discovery of cocaine in a cigarette pack.
In April 1998 Deputy Amsler was dispatched regarding a complaint that a black male in his forties, wearing burgundy pants and a white shirt, was selling narcotics at a certain address. Although the complainant had provided the police his name, address, and telephone number, the police did not corroborate this information prior to dispatching the deputy. When the deputy arrived at the address, he saw Johnson sitting on the curb alone, whittling with a knife. Johnson fit the informant’s description of the suspect.
Approximately a foot away from Johnson, Deputy Amsler noticed an empty cigarette pack with a flip top that was lying open. As the deputy reached for the cigarette pack, Johnson reached toward it, but abruptly pulled back. Inside the cigarette pack, the deputy found one small piece of rock cocaine. Deputy Amsler directed Johnson to stand up and be patted down. In Johnson’s left rear pocket, the deputy felt a long object, removed it, and discovered a glass pipe with wire stuck into it. *1225 Deputy Amsler put Johnson in his vehicle while he ran a Valtox test, and determined that the substance was presumptively crack cocaine. The deputy then arrested Johnson.
On appeal, the State contends that the informant’s tip provided reasonable suspicion to conduct a Terry stop of Johnson. The State also claims that the discovery of cocaine in the cigarette pack created probable cause to arrest Johnson. We disagree and address the State’s contentions in turn.
We conclude that the information provided by the informant in this case did not give Deputy Amsler reasonable suspicion to pat down Johnson. The Florida Supreme Court has recently held that innocent detail tips from anonymous informants must be substantiated in some additional manner. See J.L. v. State, 727 So.2d 204, 207 (Fla.1998) (an officer did not have reasonable suspicion to stop a defendant based solely on an anonymous informant’s description of the defendant’s clothing and location and belief that he was engaging in illegal activity). In this case, the informant was anonymous because the police did not independently verify his identity after he called, even though he provided his name, address, and telephone number. See Maynard v. State, 742 So.2d 315 (Fla. 2d DCA 1999) (requiring the police to verify a caller’s identity by either dispatching an officer to the caller’s address or calling them back to gain information that would corroborate their identity in order for the caller to qualify as a citizen-informant). Additionally, the deputy testified that he did not have any independent reason to believe that Johnson was selling drugs. Because the anonymous informant’s assertion that Johnson was selling drugs was not substantiated in any additional manner before Deputy Amsler initiated the search, he did not have reasonable suspicion of criminal activity to pat down Johnson.
Moreover, the discovery of crack cocaine in the open cigarette pack could not have provided probable cause to arrest Johnson because there was no evidence that Johnson ever had possession of the cigarette pack. Deputy Amsler noticed what appeared to be an empty cigarette pack on the ground a foot away from Johnson. There was no testimony that the pack was ever in Johnson’s possession or that Johnson claimed ownership of the pack. Even though Johnson reached toward the cigarette pack, he pulled back to let the deputy grab it first. The State’s argument that Johnson abandoned the crack cocaine found in the cigarette pack is also without merit for the same reason. Johnson could not have abandoned property if there was no evidence that he possessed it in the first place. Since Deputy Amsler did not have probable cause to arrest Johnson, any contraband obtained as a result of a search incident to arrest must be suppressed. See Gnann v. State, 662 So.2d 406, 408 (Fla. 2d DCA 1995).
Because the anonymous informant’s tip did not provide reasonable suspicion to pat down Johnson and the discovery of cocaine in the cigarette pack did not provide probable cause to arrest him, the trial court erred in denying the motion to suppress. Accordingly, we reverse and remand with directions for the trial court to grant Johnson’s motion to suppress.
Reverse and remanded.
THREADGILL, A.C.J., and PARKER and SALCINES, JJ., Concur.

. See Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968).