789 So.2d 426 (2001)
Jacky GILBERT, Appellant,
v.
STATE of Florida, Appellee.
No. 4D99-4362.
District Court of Appeal of Florida, Fourth District.
June 20, 2001.
*427 Carey Haughwout, Public Defender, and James W. McIntire, Assistant Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Joseph A. Tringali, Assistant Attorney General, West Palm Beach, for appellee.
WARNER, C.J.
The state charged appellant with trafficking in cocaine, escape, resisting an officer, and other charges. The trial court denied appellant's motion to suppress the physical evidence, namely cocaine and drug paraphernalia, seized when officers saw cocaine on a dresser when appellant opened the door to his motel room. We affirm, concluding that the officers' entry and seizure was justified on the exigent circumstances exception to the warrant requirement of the Fourth Amendment.
Two Fort Lauderdale police officers were dispatched to a Ramada Inn because they were given information that appellant, who was wanted on other charges, wanted to turn himself in. When they knocked on the door of the room number given by the dispatcher, appellant opened the door, and said "Oh, it has all been *428 taken care of. I had a girl banging on the door earlier. It's all settled now." The officers were standing on the catwalk of the second floor of the motel just to the side of the door. After appellant admitted that he was the only one in the room, one of the officers noticed a clear baggie sitting on the dresser next to the door, only two or three feet away. The officer immediately recognized the bag's contents as crack cocaine. The other officer also observed the cocaine. At that point, the officers stepped into the room and told appellant he was under arrest.
Appellant unsuccessfully moved to suppress the drugs and other paraphernalia found in the room on the ground that they were unconstitutionally seized in violation of the Fourth Amendment's prohibition against unreasonable searches and seizures. The court denied the motion and, after a jury trial, appellant was convicted. On appeal, appellant challenges the denial of the motion to suppress.
Appellant claims that the police did not have the authority to enter his motel room and seize the physical evidence found therein because they did not have a warrant nor did any exception to the warrant requirement apply. We disagree, as the officers, having seen the contraband, could have entered and seized it under the exigent circumstances exception to the warrant requirement.
We agree with appellant that for Fourth Amendment purposes a motel room is considered a private dwelling where the occupant is legally there, has paid for the room, and has not been asked to leave. See Levine v. State, 684 So.2d 903, 904 (Fla. 4th DCA 1996); Gnann v. State, 662 So.2d 406, 407 (Fla. 2d DCA 1995).[1] Since appellant occupied the motel room and no evidence was presented that he did not pay for it or had been asked to leave, appellant was entitled to the constitutional protections afforded to a private dwelling.
In Ensor v. State, 403 So.2d 349 (Fla.1981), the court distinguished between "plain view" situations, where an officer is lawfully in a constitutionally protected place and sees contraband in his or her presence, and "open view" situations where the officer is not in a constitutionally protected place but can view contraband in a protected place from his or her vantage point. In such situations where the contraband is seen in a constitutionally protected area, such as a dwelling, the open view of the contraband furnishes the officer probable cause to seize the item, but the officer must still obtain a warrant or qualify under an exception to the warrant requirement to enter the dwelling and seize the contraband. Id. at 352.
Exigent circumstances are one exception to the warrant requirement. While there is no exhaustive list of what constitutes exigent circumstances to permit a warrantless entry of a constitutionally protected space, imminent destruction of evidence is one such circumstance. See Welsh v. Wisconsin, 466 U.S. 740, 750, 104 S.Ct. 2091, 80 L.Ed.2d 732 (1984). Another circumstance exists where the possessor of contraband is aware that the police are on his or her trail. Verez v. Commonwealth, 230 Va. 405, 337 S.E.2d 749, 753 (1985), cert. denied, 479 U.S. 813, 107 S.Ct. *429 63, 93 L.Ed.2d 21 (1986). Certainly, this factor would suggest that destruction of evidence may be imminent.
In United States v. Rivera, 825 F.2d 152 (7th Cir.1987), the court set forth the standard of review of warrantless entries to prevent the imminent destruction of evidence. The court said:
The government must show more than a subjective fear of imminent destruction of evidence; the fear must be objectively reasonable. In determining whether the agents reasonably feared imminent destruction of the evidence, the appropriate inquiry is whether the facts, as they appeared at the moment of entry, would lead a reasonable, experienced agent to believe that evidence might be destroyed before a warrant could be secured. In other words, "were the police unreasonable in not getting a warrant in the circumstances that confronted them?"
Id. at 156 (citations omitted)(quoting Llaguno v. Mingey, 763 F.2d 1560, 1564 (7th Cir.1985)(en banc)). Applying this standard to the evidence presented in the instant case, we have no difficulty in determining that the facts were such as to lead a reasonable police officer to believe that the evidence would have been destroyed before a warrant could be obtained. The officers were dispatched to appellant's motel room, not on a suspicion of narcotics but by a call that the occupant of the room wished to surrender on other warrants. Appellant opened the door, allowing the officers to see the contraband that was only two to three feet from the door. Obviously, appellant also became aware that the officers viewed the contraband, and under any objective view of the facts the officers acted reasonably in immediately entering and seizing the contraband before appellant had the opportunity to dispose of it. This conclusion is only reinforced by appellant's resistance when the officers tried to place him under arrest.
While appellant relies on Gnann, we find it distinguishable. In Gnann, officers observed contraband in a motel room by peering through a gap in the curtain. Rather than get a warrant, the officers knocked on the door, entered without a warrant, and arrested the defendant. The second district held that the officers violated the Fourth Amendment. Gnann, 662 So.2d at 408. In Gnann, however, the room occupants were unaware of the police presence when the officer surreptitiously saw the contraband in the room. The officers could have posted an officer by the door of the motel while a search warrant was obtained without tipping off the occupant as to their presence and the possible destruction of evidence. In this case, the officers saw the contraband in open view in appellant's presence.
Our conclusion is reinforced by State v. Carr, 549 So.2d 701 (Fla. 4th DCA 1989), and Winchell v. State, 362 So.2d 992 (Fla. 3d DCA 1978). Both cases are factually on all fours with the instant case. While neither discussed the "open view exception," each came to the conclusion that the officers had the right to seize the contraband which they observed in the defendant's motel room when the defendant opened the door to the police.
Affirmed.
POLEN and FARMER, JJ., concur.
NOTES
[1] We are deciding this case as though appellant rented the room. However, we recognize that appellant testified that his neighbor rented the room, and he was simply using it with his girlfriend. Because the state has not raised the issue of whether appellant has a reasonable expectation of privacy where he is only a guest and not the paying occupant, we do not address the potential standing issue in this case. See, e.g., Minnesota v. Carter, 525 U.S. 83, 88, 119 S.Ct. 469, 142 L.Ed.2d 373 (1998).