866 So.2d 124 (2004)
STATE of Florida, Appellant,
v.
Steven GARCIA, Appellee.
No. 4D02-4358.
District Court of Appeal of Florida, Fourth District.
February 11, 2004.
*125 Charles J. Crist, Jr., Attorney General, Tallahassee, and Linda Harrison, Assistant Attorney General, West Palm Beach, for appellant.
Maury Halperin, Fort Lauderdale, for appellee.
MAY, J.
The State appeals a trial court order that granted the defendant's motion to suppress. It argues that it had consent and/or exigent circumstances existed to validate the otherwise warrantless search. We disagree and affirm.
Officer Guaracino testified that around 3:30 a.m. on September 9, 2001, he followed Keith Evan Bua from a closed shopping center pay phone to an apartment complex parking lot. After being contacted via radio that Guaracino was observing a suspicious person, Officer Velez arrived in his own police car. Both officers observed Adalberto Morciglio exit a second floor apartment and make contact with Bua. The officers witnessed Bua and Morciglio complete a hand to hand exchange of U.S. currency for an unknown substance. The officers suspected a narcotics transaction.
Officer Guaracino apprehended Morciglio, who initially attempted to flee, and read him his rights. He found cocaine on Morciglio. Guaracino asked him if he had any other drugs. Morciglio volunteered that he had more in the apartment upstairs. Morciglio then led both uniformed officers up to the apartment. Guaracino testified that Morciglio did not tell them whether he lived in the apartment. Officer Velez, however, testified that Morciglio told them that he did not live there and was just visiting friends.
Morciglio knocked on the door; the defendant answered. Guaracino testified that upon the door opening, he smelled and identified the odor of marijuana coming from the apartment. Guaracino also testified that he could see marijuana and cocaine on a glass table close to the door when the defendant opened the door.
*126 According to Officer Guaracino, the defendant told him they were having a party, stepped aside, and said "come on in." Officer Velez testified, however, that he did not hear the defendant say "come on in," but he did step aside. The defendant testified that the officers "forcibly put their hand through the door, put the [sic] hand on their guns, and told us they had to talk to us." While the encounter did not end there, these are the facts relevant to our discussion.
At the end of the hearing on October 11, 2002, the court announced that the defendant met his burden to show that the evidence "was obtained by the government as a result of a search or seizure." State v. Gay, 823 So.2d 153, 154 (Fla. 5th DCA 2002), review denied, 845 So.2d 889 (Fla. 2003). The court stated that the police may not make a warrantless entry "into a suspect's home for the purposes of making a felony arrest unless exigent circumstances are present." The court then found that the officers used Morciglio as their agent and entered the apartment accompanied by him, without valid consent from any person who had the right or authority to give consent. The court granted the motion to suppress as to all defendants.
Suppression issues may be a question of law, a question of fact, or a mixed question of law and fact. Ornelas v. United States, 517 U.S. 690, 116 S.Ct. 1657, 134 L.Ed.2d 911 (1996). "[T]he proper standard of review depends on the nature of the ruling in each case." State v. Glatzmayer, 789 So.2d 297, 301 (Fla.2001). Rulings based on purely factual questions are clothed with a presumption of correctness, but must be supported by substantial competent evidence. Id. at 301 n. 7.
The State contends that the trial court erred in granting the motion to suppress because even though the police did not make a reasonable effort to ascertain whether Morciglio had actual or apparent authority to consent to their entry, the defendant consented. However, consent is a factual determination, which the trial court resolved adversely to the State. The court specifically found that no consent was given by the defendant. That decision is supported by substantial competent evidence. We will not disturb it. Davis v. State, 594 So.2d 264 (Fla.1992).
This leaves us with the issue of whether exigent circumstances existed to justify the warrantless search. The defendant argues that any exigent circumstances were created by the officers' actions and that the State failed to show there was insufficient time to secure a search warrant. We agree.
In Gnann v. State, 662 So.2d 406 (Fla. 2d DCA 1995), an informant brought police to a motel room where the informant had arranged earlier to purchase cocaine. Police saw Gnann cutting cocaine through a gap in the motel room curtains. Rather than obtaining a search or arrest warrant, the officers knocked on the door. When Gnann opened it, the officers entered the motel room and arrested her. The second district held that exigent circumstances did not exist to justify the warrantless search.
Here, the trial court found that the facts were similar to those in Gnann and distinguishable from this court's prior decisions in Gilbert v. State, 789 So.2d 426 (Fla. 4th DCA 2001), and State v. Carr, 549 So.2d 701 (Fla. 4th DCA 1989). We agree.
In both Gilbert and Carr, the exigent circumstances were not created by the law enforcement officer. In Gilbert, the defendant called the police to come and arrest him on an outstanding warrant. In doing so, the defendant created the exigent circumstance of potential destruction of evidence because the defendant anticipated *127 the officer's arrival. In Carr, the officer was investigating an attempted burglary, which caused him to knock on the defendant's motel room door. When the drugs came into view, the exigent circumstance of potential destruction of drugs arose.
In this case, Officers Guaracino and Velez testified they knew there was more cocaine in the apartment upstairs based on what Morciglio had told them. They knew that Morciglio did not live in the apartment. Although they had probable cause, they did not seek a warrant. Instead, they enlisted Morciglio as their agent to gain entry into the apartment. In doing so, they created the exigent circumstance (the possible destruction of evidence) by making their presence known before they obtained a warrant. The trial court's findings of fact in this regard are supported by substantial competent evidence. We therefore affirm.
AFFIRMED.
SHAHOOD and HAZOURI, JJ., concur.