14 So.3d 1137 (2009)
John Robert COTE, Appellant,
v.
STATE of Florida, Appellee.
No. 4D08-515.
District Court of Appeal of Florida, Fourth District.
June 17, 2009.
Rehearing Denied August 11, 2009.
*1138 Carey Haughwout, Public Defender, and Peggy Natale, Assistant Public Defender, West Palm Beach, for appellant.
Bill McCollum, Attorney General, Tallahassee, and Heidi L. Bettendorf, Assistant Attorney General, West Palm Beach, for appellee.
POLEN, J.
Appellant John Robert Cote was charged by information with one count of possession of cocaine and one count of possession of drug paraphernalia. He filed a motion to suppress evidence, and a hearing was held on that motion. According to the sole witness, Detective Joshua Mijal of the City of Fort Lauderdale Police Department, an anonymous complaint came in regarding narcotics activity at *1139 2895 NE 22nd St. Apt. 303 in Fort Lauderdale. The caller informed that there was constant heavy traffic at the apartment and that drug sales were taking place.
Detectives Mijal and Maldonado responded to that address and noticed that the door to the apartment was open. Cote was in the kitchen, two to five feet in front of them, wiping down the counter with a paper towel. Detective Mijal also saw a digital scale on the kitchen counter with a white powdery substance and a straw on it. Based on his training, the detective recognized the powdery substance as "suspect powder cocaine" and immediately entered the apartment and handcuffed Cote.
Detective Mijal testified that he entered the apartment without first seeking a warrant because he did not want Cote to wipe off the substance from the digital scale and destroy the potential evidence. The two detectives then searched Cote and found two bags of cocaine in his pants pocket. Cote also admitted that earlier that day he snorted some of the cocaine.
At the conclusion of Detective Mijal's testimony, Cote argued that the evidence should be suppressed because Detective Mijal failed to corroborate the anonymous tip and to obtain a warrant to search the apartment. The State responded that exigent circumstances existed in this case to excuse the lack of a warrant because Detective Mijal entered the apartment to prevent Cote from potentially destroying the evidence.
The trial court denied the motion to suppress. Thereupon, Cote pled no contest as part of a plea agreement with the State. Adjudication was withheld, and Cote was placed on two concurrent terms of twelve months probation. Cote also reserved his right to appeal the denial of his motion to suppress.
We begin our analysis with the notion that the highest level of Fourth Amendment protection lies at the entrance of one's home (or apartment). In State v. Titus, 707 So.2d 706 (Fla.1998), Senior Justice Grimes noted
The Fourth Amendment establishes "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures...." U.S. Const. amend. IV (emphasis added). Indeed, "physical entry of the home is the chief evil against which the wording of the Fourth Amendment is directed," United States v. United States District Court, 407 U.S. 297, 313, 92 S.Ct. 2125, 2134-35, 32 L.Ed.2d 752 (1972), and "[a]t the very core [of the Fourth Amendment] stands the right of a man to retreat into his own home and there be free from unreasonable governmental intrusion." Silverman v. United States, 365 U.S. 505, 511, 81 S.Ct. 679, 682-83, 5 L.Ed.2d 734 (1961).
A ruling on a motion to suppress comes to the appellate court as presumptively correct as to disputed facts and all reasonable inferences and deductions drawn from them. Pagan v. State, 830 So.2d 792 (Fla.2002). Conversely, the trial court's application of the law to the facts is reviewed under the de novo standard. Phuagnong v. State, 714 So.2d 527 (Fla. 1st DCA 1998). The dispositive issue in this case is whether exigent circumstances existed to establish an exception to the search warrant requirement. This is a mixed question of law and facts and should be reviewed under the de novo standard. Fitzpatrick v. State, 900 So.2d 495, 510 (Fla.2005) ("[A]ppellate courts should ... accord a presumption of correctness to ... the trial court's determination of historical facts, but appellate courts must independently review mixed questions of law and *1140 fact that ultimately determine constitutional issues arising in the context of the Fourth and Fifth Amendment[s].") (quoting Nelson v. State, 850 So.2d 514, 521 (Fla.2003)) (quoting Connor v. State, 803 So.2d 598, 608 (Fla.2001)).
An item may be seized from a constitutionally protected place without a warrant, if (1) the police view the contraband from a place they have a legitimate right to be, (2) the incriminating character of the contraband is immediately apparent to the officer, and (3) the officer had a lawful right of access to the contraband. Murphy v. State, 898 So.2d 1031 (Fla. 5th DCA 2005). If one of these requirements is not met, then the State must establish an exception to the warrant requirement such as consent or exigent circumstances. Id. at 1033.
Cote relies on Gnann v. State, 662 So.2d 406 (Fla. 2d DCA 1995), and State v. Garcia, 866 So.2d 124 (Fla. 4th DCA 2004), to argue that no such exigency existed here and that the police should have obtained a warrant before arresting him and seizing the contraband. The State, on the other hand, relies on Gilbert v. State, 789 So.2d 426 (Fla. 4th DCA 2001) to argue that the facts of this case amounted to exigent circumstances and that Cote's Fourth Amendment rights have not been violated. The pertinent facts and the rationale in Gnann, Gilbert, and Garcia are as follows.
In Gnann,
Tampa police officers stopped an individual, Lisa, for a traffic offense. Lisa told the officers that she had information regarding the presence of cocaine at a local motel. Lisa called the motel room and arranged to purchase cocaine there. It is undisputed that at this point the officers had probable cause to obtain a warrant to arrest Gnann or obtain a warrant to search her motel room. However, the officers made a decision to not obtain a warrant and instead proceeded to the motel.
At the motel, Lisa knocked on the room door and entered. The officers were in the corridor outside the room, and through a gap in the curtains, observed Gnann cutting cocaine. Rather than obtain an arrest or search warrant based on this additional information, the officers knocked, the door was opened, the officers entered the room and arrested Gnann.
662 So.2d at 407-408.
In Gilbert,
[t]wo Fort Lauderdale police officers were dispatched to a Ramada Inn because they were given information that appellant, who was wanted on other charges, wanted to turn himself in. When they knocked on the door of the room number given by the dispatcher, appellant opened the door, and said "Oh, it has all been taken care of. I had a girl banging on the door earlier. It's all settled now." The officers were standing on the catwalk of the second floor of the motel just to the side of the door. After appellant admitted that he was the only one in the room, one of the officers noticed a clear baggie sitting on the dresser next to the door, only two or three feet away. The officer immediately recognized the bag's contents as crack cocaine. The other officer also observed the cocaine. At that point, the officers stepped into the room and told appellant he was under arrest.
789 So.2d at 427-428.
In Garcia,
Officer Guaracino apprehended Morciglio... [and] found cocaine on [him]. Guaracino asked him if he had any other drugs. Morciglio volunteered that he had more in the apartment upstairs. Guaracino testified that Morciglio did *1141 not tell them whether he lived in the apartment. Officer Velez, however, testified that Morciglio told them that he did not live there and was just visiting friends.
Id. at 125. At that point, "[a]lthough [the officers] had probable cause, they did not seek a warrant. Instead, they enlisted Morciglio as their agent to gain entry into the apartment." Id. at 127. There, Defendant Garcia was found with drugs and apprehended. Id.
Though the three cases are seemingly similar in their facts, the exigent circumstances exception stood in Gilbert while it failed in Gnann and Garcia. First, in Gnann, "the room occupants were unaware of the police presence when the officer surreptitiously saw the contraband in the room. The officers could have posted an officer by the door of the motel while a search warrant was obtained without tipping off the occupant as to their presence and the possible destruction of evidence." Id. at 429. On the other hand, "the officers [in Gilbert] saw the contraband in open view in appellant's presence." Id. (emphasis added).
Further, in Garcia, the officers "created the exigent circumstance (the possible destruction of evidence) by making their presence known before they obtained a warrant." 866 So.2d at 127. This was distinguishable from the situation in Gilbert where "the defendant called the police to come and arrest him on an outstanding warrant. In doing so, the defendant created the exigent circumstance of potential destruction of evidence because the defendant anticipated the officer's arrival." Id. at 126-127.
Comparing the case at hand with Gnann, Gilbert, and Garcia, when Detectives Mijal and Maldonado arrived at Cote's apartment and observed the contraband through the open door, the record does not support that Cote was aware of the detectives' presence. In addition, although Cote was seen wiping down the kitchen counter where the digital scale and the white powdery substance were located, we cannot infer from that that he was in the process of destroying that evidence. We cannot tell from this record what Cote was wiping from the counter. (Perhaps it was peanut butter and jelly from his lunch sandwich.) Yet the dissent argues it was a reasonable inference that Cote was next going to wipe the cocaine from the scale, hence the exigent circumstances to excuse obtaining a warrant. It is just as reasonable to infer that, unlike whatever Cote was wiping from the counter, the cocaine on the scale had a certain value to him  a cocaine user  and that he had no intention of destroying it, being unaware at that point of the police presence outside. Thus, when the detectives entered Cote's apartment without a warrant, they  not Cote  created the exigent circumstance. And such exigency, under Gnann, Gilbert, and Garcia, does not justify a violation of the search warrant requirement of the Fourth Amendment.
The trial court erred in denying Cote's motion to suppress evidence. And because the motion to suppress was dispositive in this case, we reverse and remand for the trial court to vacate Cote's judgment and sentence.
GROSS, C.J., dissents with opinion.
HAZOURI, J., concurs specially with opinion.
GROSS, J., dissenting.
I would affirm because I believe that there were exigent circumstances justifying the detective's warrantless entry into the apartment.
*1142 This is an "open view" case. The detectives stood outside the apartment, where they had a lawful right to be. They looked through an open door and saw the defendant in the kitchen, no more than five feet away. The defendant was wiping down the counter with a paper towel. On the counter, one detective saw a digital scale with cocaine and a straw on it. He entered the apartment and arrested the defendant because he was concerned that the defendant would wipe the substance off the scale and destroy the evidence.
An "open view" situation occurs "where the officer is not in a constitutionally protected place but can view contraband in a protected place from his or her vantage point." Gilbert v. State, 789 So.2d 426, 428 (Fla. 4th DCA 2001); Murphy v. State, 898 So.2d 1031, 1033-34 (Fla. 5th DCA 2005). Situated where he has a right to be, an officer's sighting of contraband inside a constitutionally protected area, such as a home or apartment, gives rise to probable cause to seize the item, "but the officer must still obtain a warrant or qualify under an exception to the warrant requirement to enter the dwelling and seize the contraband." Gilbert, 789 So.2d at 428 (citing Ensor v. State, 403 So.2d 349 (Fla. 1981)).
Exigent circumstances are an exception to the warrant requirement. Id.; see Murphy, 898 So.2d at 1034-35; Gnann v. State, 662 So.2d 406, 408 (Fla. 2d DCA 1995). One exigent circumstance that permits a warrantless entry into constitutionally protected space is the imminent destruction of evidence. Gilbert, 789 So.2d at 428. Here, the detective observed the defendant cleaning up the kitchen counter; it was objectively reasonable to assume that the defendant was about to wipe away the evidence on the scale. The facts, as they appeared at the moment of entry, "would lead a reasonable, experienced agent to believe that evidence might be destroyed before a warrant could be secured." Id. at 429 (quoting United States v. Rivera, 825 F.2d 152 (7th Cir.1987)). Thus, faced with the imminent destruction of the cocaine on the scale, it was proper for the detective to move five feet into the apartment and place the defendant under arrest.
The majority relies on Gnann and State v. Garcia, 866 So.2d 124 (Fla. 4th DCA 2004), but places emphasis on the wrong fact  that the defendant was not aware of the detectives' presence when he was cleaning up. The exigency exists because evidence is about to be destroyed not because of a defendant's state of mind while performing the act of destruction. A defendant's knowledge of the police presence leads to the conclusion that the defendant would do something to destroy incriminating evidence before a warrant could be obtained. Only for this reason is such knowledge relevant to the exigent circumstances inquiry. Here, the defendant was already cleaning up when the detectives arrived. Unlike the situation in Garcia, this was not a case where the exigent circumstance was created by the officers.
Also, the majority says that it "cannot infer" from the defendant's actions in the kitchen "that he was in the process of destroying evidence." However, in reviewing a ruling denying a motion to suppress, "we are to interpret the evidence and reasonable inferences and deductions drawn therefrom in a manner most favorable to sustaining the trial court's ruling." Jones v. State, 648 So.2d 669, 676 (Fla. 1994). An experienced detective concluded that the defendant's cleaning activity was about to extend to the scale. The trial court believed the detective. The inference was not unreasonable and we are bound to accept it.
*1143 The majority has placed Detective Mijal in a catch-22 dilemma. It tells him that he needed a warrant to enter the apartment and make an arrest. However, he would be unable to get a warrant; there would be no reason to believe that contraband would be found in the apartment because the defendant had destroyed it.
HAZOURI, J., concurring specially.
I concur but write to respond to the dissent. Although the dissent makes a persuasive common sense argument, we are constrained by the Fourth Amendment and the case law which requires that law enforcement obtain a search warrant, absent exigent circumstances, to enter a person's dwelling. The fact that the detectives in the instant case had a clear view of the cocaine did not permit them to enter the defendant's dwelling. Cote was not aware of the detectives' presence so his action in wiping down the countertop was not an attempt to destroy evidence in response to law enforcement's presence.
If the dissent is correct, then the detectives could have been hundreds of yards from the entrance of Cote's apartment, perhaps in a stake out, and with the use of binoculars, observed Cote's activities and would not be required to obtain a search warrant. That would clearly be a violation of the Fourth Amendment.
Proximity to the defendant cannot be a logical basis for doing away with the requirement of obtaining a search warrant to enter a person's dwelling. Proximity alone cannot be the basis for claiming exigent circumstances.
I would also take exception to the dissent's contention that the majority has placed Detective Mijal in a catch-22 dilemma. There is no reason to believe with the information available to Detective Mijal that any reasonable judge would not issue a search warrant.