POLEN, J.
Appellant John Robert Cote was charged by information with one count of possession of cocaine and one count of possession of drug paraphernalia. He filed a motion to suppress evidence, and a hearing was held on that motion. According to the sole witness, Detective Joshua Mijal of the City of Fort Lauderdale Police Department, an anonymous complaint came in regarding narcotics activity at *1139 2895 NE 22nd St. Apt. 303 in Fort Lauder-dale. The caller informed that there was constant heavy traffic at the apartment and that drug sales were taking place.
Detectives Mijal and Maldonado responded to that address and noticed that the door to the apartment was open. Cote was in the kitchen, two to five feet in front of them, wiping down the counter with a paper towel. Detective Mijal also saw a digital scale on the kitchen counter with a white powdery substance and a straw on it. Based on his training, the detective recognized the powdery substance as “suspect powder cocaine” and immediately entered the apartment and handcuffed Cote.
Detective Mijal testified that he entered the apartment without first seeking a warrant because he did not want Cote to wipe off the substance from the digital scale and destroy the potential evidence. The two detectives then searched Cote and found two bags of cocaine in his pants pocket. Cote also admitted that earlier that day he snorted some of the cocaine.
At the conclusion of Detective Mijal’s testimony, Cote argued that the evidence should be suppressed because Detective Mijal failed to corroborate the anonymous tip and to obtain a warrant to search the apartment. The State responded that exigent circumstances existed in this case to excuse the lack of a warrant because Detective Mijal entered the apartment to prevent Cote from potentially destroying the evidence.
The trial court denied the motion to suppress. Thereupon, Cote pled no contest as part of a plea agreement with the State. Adjudication was withheld, and Cote was placed on two concurrent terms of twelve months probation. Cote also reserved his right to appeal the denial of his motion to suppress.
We begin our analysis with the notion that the highest level of Fourth Amendment protection lies at the entrance of one’s home (or apartment). In State v. Titus, 707 So.2d 706 (Fla.1998), Senior Justice Grimes noted
The Fourth Amendment establishes “[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures.... ” U.S. Const. amend. IV (emphasis added). Indeed, “physical entry of the home is the chief evil against which the wording of the Fourth Amendment is directed,” United States v. United States District Court, 407 U.S. 297, 313, 92 S.Ct. 2125, 2134-35, 32 L.Ed.2d 752 (1972), and “[a]t the very core [of the Fourth Amendment] stands the right of a man to retreat into his own home and there be free from unreasonable governmental intrusion.” Silverman v. United States, 365 U.S. 505, 511, 81 S.Ct. 679, 682-83, 5 L.Ed.2d 734 (1961).
A ruling on a motion to suppress comes to the appellate court as presumptively correct as to disputed facts and all reasonable inferences and deductions drawn from them. Pagan v. State, 830 So.2d 792 (Fla.2002). Conversely, the trial court’s application of the law to the facts is reviewed under the de novo standard. Phuagnong v. State, 714 So.2d 527 (Fla. 1st DCA 1998). The dispositive issue in this case is whether exigent circumstances existed to establish an exception to the search warrant requirement. This is a mixed question of law and facts and should be reviewed under the de novo standard. Fitzpatrick v. State, 900 So.2d 495, 510 (Fla.2005) (“[A]ppellate courts should ... accord a presumption of correctness to ... the trial court’s determination of historical facts, but appellate courts must independently review mixed questions of law and *1140 fact that ultimately determine constitutional issues arising in the context of the Fourth and Fifth Amendment[s].”) (quoting Nelson v. State, 850 So.2d 514, 521 (Fla.2003)) (quoting Connor v. State, 803 So.2d 598, 608 (Fla.2001)).
An item may be seized from a constitutionally protected place without a warrant, if (1) the police view the contraband from a place they have a legitimate right to be, (2) the incriminating character of the contraband is immediately apparent to the officer, and (3) the officer had a lawful right of access to the contraband. Murphy v. State, 898 So.2d 1031 (Fla. 5th DCA 2005). If one of these requirements is not met, then the State must establish an exception to the warrant requirement such as consent or exigent circumstances. Id. at 1033.
Cote relies on Gnann v. State, 662 So.2d 406 (Fla. 2d DCA 1995), and State v. Garcia, 866 So.2d 124 (Fla. 4th DCA 2004), to argue that no such exigency existed here and that the police should have obtained a warrant before arresting him and seizing the contraband. The State, on the other hand, relies on Gilbert v. State, 789 So.2d 426 (Fla. 4th DCA 2001) to argue that the facts of this case amounted to exigent circumstances and that Cote’s Fourth Amendment rights have not been violated. The pertinent facts and the rationale in Gnann, Gilbert, and Garcia are as follows.
In Gnann,
Tampa police officers stopped an individual, Lisa, for a traffic offense. Lisa told the officers that she had information regarding the presence of cocaine at a local motel. Lisa called the motel room and arranged to purchase cocaine there. It is undisputed that at this point the officers had probable cause to obtain a warrant to arrest Gnann or obtain a warrant to search her motel room. However, the officers made a decision to not obtain a warrant and instead proceeded to the motel.
At the motel, Lisa knocked on the room door and entered. The officers were in the corridor outside the room, and through a gap in the curtains, observed Gnann cutting cocaine. Rather than obtain an arrest or search warrant based on this additional information, the officers knocked, the door was opened, the officers entered the room and arrested Gnann.
662 So.2d at 407-408.
In Gilbert,
[t]wo Fort Lauderdale police officers were dispatched to a Ramada Inn because they were given information that appellant, who was wanted on other charges, wanted to turn himself in. When they knocked on the door of the room number given by the dispatcher, appellant opened the door, and said “Oh, it has all been taken care of. I had a girl banging on the door earlier. It’s all settled now.” The officers were standing on the catwalk of the second floor of the motel just to the side of the door. After appellant admitted that he was the only one in the room, one of the officers noticed a clear baggie sitting on the dresser next to the door, only two or three feet away. The officer immediately recognized the bag’s contents as crack cocaine. The other officer also observed the cocaine. At that point, the officers stepped into the room and told appellant he was under arrest.
789 So.2d at 427-428.
In Garcia,
Officer Guaracino apprehended Morcig-lio ... [and] found cocaine on [him]. Guaracino asked him if he had any other drugs. Morciglio volunteered that he had more in the apartment upstairs. Guaracino testified that Morciglio did *1141 not tell them whether he lived in the apartment. Officer Velez, however, testified that Morciglio told them that he did not live there and was just visiting friends.
Id. at 125. At that point, “[ajlthough [the officers] had probable cause, they did not seek a warrant. Instead, they enlisted Morciglio as their agent to gain entry into the apartment.” Id. at 127. There, Defendant Garcia was found with drugs and apprehended. Id.
Though the three cases are seemingly similar in their facts, the exigent circumstances exception stood in Gilbert while it failed in Gnann and Garcia. First, in Gnann, “the room occupants were unaware of the police presence when the officer surreptitiously saw the contraband in the room. The officers could have posted an officer by the door of the motel while a search warrant was obtained without tipping off the occupant as to their presence and the possible destruction of evidence.” Id. at 429. On the other hand, “the officers [in Gilbert ] saw the contraband in open view in appellant's presence.” Id (emphasis added).
Further, in Garcia, the officers “created the exigent circumstance (the possible destruction of evidence) by making their presence known before they obtained a warrant.” 866 So.2d at 127. This was distinguishable from the situation in Gilbert where “the defendant called the police to come and arrest him on an outstanding-warrant. In doing so, the defendant created the exigent circumstance of potential destruction of evidence because the defendant anticipated the officer’s arrival.” Id. at 126-127.
Comparing the case at hand with Gnann, Gilbert, and Garcia, when Detectives Mijal and Maldonado arrived at Cote’s apartment and observed the contraband through the open door, the record does not support that Cote was aware of the detectives’ presence. In addition, although Cote was seen wiping down the kitchen counter where the digital scale and the white powdery substance were located, we cannot infer from that that he was in the process of destroying that evidence. We cannot tell from this record what Cote was wiping from the counter. (Perhaps it was peanut butter and jelly from his lunch sandwich.) Yet the dissent argues it was a reasonable inference that Cote was next going to wipe the cocaine from the scale, hence the exigent circumstances to excuse obtaining a warrant. It is just’ as reasonable to infer that, unlike whatever Cote was wiping from the counter, the cocaine on the scale had a certain value to him — a cocaine user — and that he had no intention of destroying it, being unaware at that point of the police presence outside. Thus, when the detectives entered Cote’s apartment without a warrant, they — not Cote— created the exigent circumstance. And such exigency, under Gnann, Gilbert, and Garcia, does not justify a violation of the search warrant requirement of the Fourth Amendment.
The trial court erred in denying Cote’s motion to suppress evidence. And because the motion to suppress was dispositive in this case, we reverse arid remand for the trial court to vacate Cote’s judgment and sentence.
GROSS, C.J., dissents with opinion.
HAZOURI, J., concurs specially with opinion.