PER CURIAM.
The state appeals the trial court’s order granting the defendant’s motion to suppress contraband seized from his home without a warrant. We affirm, holding that the warrantless entry into defendant’s home was not justified either under the exigent circumstances doctrine or as a valid protective sweep. See Rozzo v. State, 75 So.3d 409 (Fla. 4th DCA 2011); Diaz v. State, 34 So.3d 797 (Fla. 4th DCA 2010); Vasquez v. State, 870 So.2d 26 (Fla. 2d DCA 2003).
We distinguish Gilbert v. State, 789 So.2d 426 (Fla. 4th DCA 2001), relied upon by the state. Here, viewing the facts in the light most favorable to sustaining the trial court’s ruling, we note that the officer observed contraband inside the defendant’s apartment, but immediately detained the defendant outside the apartment. Thus, in this case, unlike in Gilbert, the defendant was already detained outside at the time the officer made the initial entry into the defendant’s apartment. Moreover, the police did not have a reasonable belief that third persons were inside the apartment who might destroy evidence or pose a threat to safety.
Finally, we conclude that the inevitable discovery doctrine does not apply under these circumstances. See King v. State, 79 So.3d 236, 238 (Fla. 1st DCA 2012) (“Here, the officer testified that he did not attempt to get a warrant, and the State presented no evidence suggesting that he did. Accordingly, the trial court could not rely on the [inevitable discovery] doctrine to support its denial of the motion to suppress.”).

Affirmed.

POLEN, TAYLOR and HAZOURI, JJ., concur.