SHEPHERD, J.,
concurring specially.
I agree with the decision of the Court in this case, but write to record my separate reason for reaching that result.
This case arises from an anonymous tip regarding ongoing unlawful drug activity occurring at a location on Southwest 154th Place in Miami, Florida. On May 21, 2009, four officers — Detectives Marcus Carey, Anna Bernal, Russell Giordano, and Sergeant Michael Taberno — responded to the house. Detective Giordano and Sergeant Taberno went to the sides of the house to prevent any individuals from exiting the sides of the house. Detectives Bernal and Carey approached the front door of the premises. Detective Bernal detected the unmistakable smell of marijuana as the two officers approached the front door. Detective Bernal wore a tactical vest containing the word “Police,” and Detective Carey also wore a police jacket.
Detective Carey knocked on the door and Javier Delgado opened the door. Detective Carey invited Delgado to walk around to the west side of the house with him. At the same time, Detective Carey *318 saw another individual in the house and ordered Detective Bernal to go inside the house to secure the individual. Detective Bernal did so. After a short period, Detective Carey and Delgado returned, entered the house, and Delgado executed both a consent to search his house and a Miranda[1] form. The officers discovered a grow house. Delgado then was arrested.
Delgado filed a motion to suppress, contending he did not willingly consent to the search, the search was not incident to a lawful arrest, and the evidence obtained was the “fruit of the poisonous tree.” I disagree. My belief is the officers in this case executed a valid “knock and talk.” A “knock and talk” encounter is a procedure used by police officers to investigate a complaint where there is no probable cause for a search warrant.” See Murphy v. State, 898 So.2d 1031, 1032 n. 4 (Fla. 5th DCA 2005). Because Detective Bernal detected a strong odor of marijuana, the officers had probable cause to enter the premises, arrest Delgado, and execute a search incident to arrest, during which the contraband was found.
There was no Fourth Amendment violation in this case.

. Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).