742 So.2d 431 (1999)
Peter Daniel BEAUCHAMP, Appellant,
v.
STATE of Florida, Appellee.
No. 98-04640.
District Court of Appeal of Florida, Second District.
September 15, 1999.
Matthew P. Farmer of Farmer & Fitzgerald, Tampa, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Jonathan Hurley, Assistant Attorney General, Tampa, for Appellee.
ALTENBERND, Acting Chief Judge.
Peter Daniel Beauchamp appeals his judgments and sentences for possession of marijuana with intent to sell[1] and possession of drug paraphernalia.[2] He pleaded nolo contendere after the denial of a dispositive motion to suppress. We reverse because the University of South Florida campus police did not have authority to enter Mr. Beauchamp's dormitory suite without either a warrant or the permission of one of the residents.
Mr. Beauchamp was a student at the university in April 1998. He lived in a two-student dormitory suite, consisting of a small common room and two bedrooms. The bathroom for the suite served another suite as well.[3] The door to the hallway had a lock, as well as each door to the bedrooms.
At approximately 10:30 p.m. on April 16, the campus police were summoned to the dormitory because someone smelled the odor of marijuana. The police determined that the odor was coming from Mr. Beauchamp's suite. They knocked on the door to the suite, and Mr. Beauchamp answered. He came out into the hallway to talk to the three police officers. He admitted that he had some marijuana and offered to go inside and get it.
The lead officer asked Mr. Beauchamp's permission to enter the suite. Mr. Beauchamp denied the police entrance. Nevertheless, when he entered the suite, they entered with him. They *432 explained that they entered the suite for reasons of officer safety. Once inside the suite, they determined that Mr. Beauchamp's girlfriend was in his bedroom with the door closed. The police asked Mr. Beauchamp to have his girlfriend come out of his room. When she opened the door, the police could see numerous baggies of marijuana and paraphernalia inside the bedroom. After entering the bedroom, they confiscated the marijuana, paraphernalia, and material that Mr. Beauchamp mistakenly believed was LSD.
In the trial court, the State argued that the officers were entitled to enter the common room of the suite because Mr. Beauchamp had no expectation of privacy in that room, and the officers lawfully seized the marijuana because it was in plain view when the girlfriend opened the bedroom door. The trial court accepted this argument and denied the motion to suppress. Thereafter, Mr. Beauchamp pleaded, reserving the suppression issue for review.[4] The court placed him on two years' drug probation.
We reverse the trial court because Mr. Beauchamp did have an expectation of privacy in his dormitory suite. Such a room is comparable to a motel room or a room in a boarding house. See State v. Titus, 707 So.2d 706 (Fla.1998) (concerning Fourth Amendment protection of common area of boarding house); Sturdivant v. State, 578 So.2d 869 (Fla. 2d DCA 1991) (concerning Fourth Amendment protection of a motel room). The officers might have been authorized to conduct a safety sweep of the suite if they had been lawfully permitted to enter it, see Maryland v. Buie, 494 U.S. 325, 110 S.Ct. 1093, 108 L.Ed.2d 276 (1990), but they were not allowed to enter the suite without a warrant for this purpose.[5] Because the officers had no right to enter the suite, nothing observed in the adjoining bedroom may be considered as seen in plain view.
We note that our record does not contain any lease agreement between the university and Mr. Beauchamp. Likewise, there is no information about campus rules and regulations. Thus, if there is any argument in this case that a preexisting contract modified the concept of reasonableness under the Fourth Amendment or that the police could enter the dormitory suite as employees of the landlord, those arguments were not perfected. See Moore v. Student Affairs Comm. of Troy State Univ., 284 F.Supp. 725 (M.D.Ala.1968); State v. Hunter, 831 P.2d 1033 (Utah Ct. App.1992); Jason S. Thaler, Public Housing Consent Clauses: Unconstitutional Condition or Constitutional Necessity?, 63 Fordham L.Rev. 1777 (1995).
Reversed and remanded.
FULMER, J., and PELLECCHIA, DONALD E., Associate Judge, Concur.
NOTES
[1] See § 893.13(1)(a), Fla. Stat. (1997).
[2] See § 893.147, Fla. Stat. (1997).
[3] The record identifies the dormitory suite as either 203 Beta House or 203 Zeta House.
[4] The motion to suppress is dispositive of the marijuana possession charge because the State was required to prove Mr. Beauchamp possessed the marijuana found in his bedroom with an intent to sell it. See § 893.13(1)(a), Fla. Stat. (1997). Likewise, the motion is dispositive of the paraphernalia possession charge. We are not called upon to determine whether the police officer at the doorway of the suite could have charged Mr. Beauchamp with misdemeanor possession based on the odor and his confession. See § 893.13(6)(b), (d), Fla. Stat. (1997).
[5] The State suggests that this court in Runge v. State, 701 So.2d 1182 (Fla. 2d DCA 1997), permitted such an entry. The author of this opinion also authored Runge. Perhaps the facts in Runge could have been stated with greater clarity. Although Mr. Runge answered the door under circumstances similar to Mr. Beauchamp, the officers in that case were permitted to enter the home and did not enter under circumstances similar to this case.