821 So.2d 437 (2002)
Eddie BURT, Appellant,
v.
STATE of Florida, Appellee.
No. 2D01-4286.
District Court of Appeal of Florida, Second District.
July 19, 2002.
*438 James Marion Moorman, Public Defender, and Brad Permar, Assistant Public Defender, Bartow, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Erica M. Raffel, Assistant Attorney General, Tampa, for Appellee.
WHATLEY, Judge.
Eddie Burt contends that the cocaine and paraphernalia found on his person during a search incident to his arrest should have been suppressed because no exigent circumstances supported law enforcement's warrantless arrest of him in his home. We agree and reverse.
At the hearing on Burt's motion to suppress, Officer Allister testified that while he was on duty, a woman who was crying and hysterical approached him at about 12:20 a.m. and stated that she had been raped by a man named Eddie several hours earlier. She gave the officer the address where the offense allegedly occurred, as well as a description of the building. The victim told the officer that she had been at the building to purchase crack cocaine. She was hanging out with several others in front of the building and needed to go to the restroom. When she entered the building, Eddie came up to her and indicated he was going to rape her. She tried to push him away but he punched her in the face and knocked out one of her teeth. The officer observed that one of the victim's teeth was missing.
Officer Allister took the victim to have a sexual assault victims' examination, and he was advised that some evidence had been found. He was familiar with Burt and put his photo in a photopak which he presented to the victim for purposes of identifying the perpetrator. She immediately picked out Burt's photo. Based on his interview with the victim, her injuries, and her identification of Burt, Officer Allister believed he had probable cause to arrest Burt. He and his partner proceeded to the address given by the victim, which Officer Allister knew to be a boarding house.
The front door to the boarding house was wide open. The officers walked through that door and were then in a hallway off of which were five or six rooms. The victim had described which room was Burt's, and the officers found that the door to his room was wide open as *439 well. The officers found Burt lying on his bed passed out. Because they could not awaken him, they called paramedics, but Burt came to somewhat before the paramedics arrived. He was handcuffed and advised of the offenses for which he was being arrested. During a search incident to his arrest, the officers found a crack pipe and trace amounts of cocaine on Burt's person.
Officer Allister testified that he did not obtain an arrest warrant because he felt that it was of utmost importance that Burt's room be secured immediately in case word got back to him that the police were looking for him. Also, he was concerned that evidence could be destroyed or lost. However, Officer Allister stated that although some officers were directed to look around the area of the alleged sexual battery for a Tammy and a Mike, witnesses who may have been present at the time of the offense, they did not tell anyone they were looking for Burt.
In denying the motion to suppress, the trial court found that exigent circumstances justified law enforcement's failure to obtain an arrest warrant in that if Burt were not arrested as soon as he woke up, evidence of the rape could be destroyed or lost.
"The Fourth Amendment prohibits the police from making a warrantless and nonconsensual entry into a suspect's home for purposes of making a felony arrest unless exigent circumstances are present."[1]Gnann v. State, 662 So.2d 406, 407 (Fla. 2d DCA 1995) (citing Payton v. New York, 445 U.S. 573, 100 S.Ct. 1371, 63 L.Ed.2d 639 (1980)). In order to justify a warrantless entry to prevent the imminent destruction of evidence, law enforcement officers must have an objectively reasonable fear that evidence might be destroyed before they could secure a warrant. United States v. Rivera, 825 F.2d 152 (7th Cir.1987). The facts of this case do not show that Officer Allister's fears were objectively reasonable. There is no evidence that anyone, including Burt, knew that law enforcement intended to arrest Burt. It was 4 a.m. when the officers went to Burt's room. He was sleeping so heavily that they called the paramedics because they could not awaken him.
The circumstances of this case are very similar to those of Gnann v. State, 662 So.2d 406 (Fla. 2d DCA 1995). In Gnann, a woman advised law enforcement officers that she had information regarding the presence of cocaine in a local motel. She called the motel room and arranged to purchase cocaine there. Officers accompanied her to the motel room and were able to see Gnann cutting cocaine through a gap in the curtains to the room. Rather than obtaining an arrest or search warrant, they proceeded to allow the woman to knock on the door. When it was opened, they entered the room and arrested Gnann. This court held that the State had failed to present evidence of exigent circumstances justifying the warrantless search. This court specifically noted that "[t]he officers' deliberate decision to forgo a warrant did not provide them with exigent circumstances to make a warrantless search of a constitutionally protected area." Id. at 408.
By contrast, in Gilbert v. State, 789 So.2d 426 (Fla. 4th DCA 2001), the Fourth District upheld the warrantless entry into *440 a motel room because the appellant was aware that law enforcement officers had observed contraband in his room. The court held that under any objectively reasonable view of the circumstances, the officers were justified in immediately entering the room and seizing the contraband before the appellant could dispose of it. The Fourth District distinguished Gnann because of the fact that Gnann was not aware of the officers' presence. The court noted that in Gnann an officer could have been posted outside the motel room door while the officers secured a search warrant. The same holds true in this case.
Accordingly, we reverse the order denying Burt's motion to suppress and remand for proceedings consistent with this opinion.
Reversed and remanded.
NORTHCUTT and CASANUEVA, JJ., concur.
NOTES
[1] No issue was raised in this case concerning whether a room in a boarding house constitutes a home for Fourth Amendment purposes. However, we believe that a room in a boarding house is no different from a room in a motel, which "is considered a private dwelling if the occupant is there legally, has paid or arranged to pay, and has not been asked to leave." Gnann v. State, 662 So.2d 406, 407 (Fla. 2d DCA 1995).