837 So.2d 590 (2003)
Leroy McDUFFY, Appellant,
v.
STATE of Florida, Appellee.
No. 2D02-2580.
District Court of Appeal of Florida, Second District.
February 14, 2003.
WHATLEY, Judge.
Leroy McDuffy appeals the summary denial of his motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. In his motion McDuffy raised seven claims of ineffective assistance of counsel. We affirm the trial court's summary denial of claims four, five, six, and seven. We reverse for further proceedings on claims one through three.
In 1997, a jury convicted McDuffy of aggravated battery. The victim in the case was a woman with whom McDuffy lived. McDuffy's first three claims in his rule 3.850 motion were related. However, the claims asserted that his trial counsel was ineffective for failing to file a motion to suppress because the police made a warrantless entry into the home without consent or exigent circumstances.
The trial court denied all three claims finding they were refuted by the record. It attached the testimony of the victim, the victim's seven-year-old son, and two police officers to support the denial. The testimony showed that the victim was interviewed at the hospital by one officer. She claimed her injuries were the result of a falling accident in her home. Specifically, the victim told the officer that she fell through a glass coffee table. It shattered *591 and caused her lacerations. She stated that she had called McDuffy to come stay with her son at home while another friend took her to the hospital.
Skeptical of her story, the officer told the victim he was going to her home to see if the glass coffee table was broken. Two officers went to the home and knocked on the door. The victim's minor son opened the door and let the officers enter. McDuffy, apparently inebriated, was sleeping on the couch and could not be awakened for several minutes. One of the officers did a protective sweep of the entire home and saw a bloody knife on the kitchen counter.
In McDuffy's case, nothing in the record attachments provided by the trial court shows that the victim actually and voluntarily consented to the officers' entry into her home without first obtaining a warrant or that the child could or did consent to entry into the home. See Saavedra v. State, 622 So.2d 952, 956-958 (Fla.1993) (holding that absent consent or exigent circumstances, the police may not make a warrantless entry into a home to make a felony arrest or to search for specific objects, and discussing the requirements of consent and the validity of a minor's consent); see also Cooper v. State, 706 So.2d 369, 371-372 (Fla. 2d DCA 1998) (holding that even when the police are aware of a minor's identity and know that he is an occupant of the home, the very fact that he is a minor calls for further inquiry before the police may reasonably believe that he possesses authority to grant them entry).
Furthermore, nothing in the record supports the entry and search on grounds of exigent circumstances. In the absence of exigent circumstances or permission, the police clearly may not enter a home without a search warrant simply because they think they have probable cause to believe evidence of a crime may be found therein. See Butler v. State, 697 So.2d 907, 908 (Fla. 2d DCA 1997). The decision to forego a warrant does not provide officers with exigent circumstances to make a warrantless search of a constitutionally protected area. See Burt v. State, 821 So.2d 437, 438-439 (Fla. 2d DCA 2002).
This case also involved a protective sweep of the home. To support such a search, a police officer must articulate facts sufficient to warrant a reasonable belief that the home harbored dangerous criminals. See Runge v. State, 701 So.2d 1182, 1185-1186 (Fla. 2d DCA 1997); Beauchamp v. State, 742 So.2d 431 (Fla. 2d DCA 1999). There were no such facts apparent in McDuffy's case based on the record we have before us.
Because the record attachments by the trial court do not conclusively refute McDuffy's claims, we reverse and remand for an evidentiary hearing on the issue of whether counsel was ineffective for failing to file a motion to suppress. See Gaston v. State, 735 So.2d 566, 567 (Fla. 2d DCA 1999).
Affirmed in part, reversed in part, and remanded.
DAVIS and CANADY, JJ., concur.