967 So.2d 1070 (2007)
David Carlton DEY, Appellant,
v.
STATE of Florida, Appellee.
No. 2D07-294.
District Court of Appeal of Florida, Second District.
November 9, 2007.
*1071 James Marion Moorman, Public Defender, and Paul C. Helm, Assistant Public Defender, Bartow, for Appellant.
Bill McCollum, Attorney General, Tallahassee, and Cerese Crawford Taylor, Assistant Attorney General, Tampa, for Appellee.
FULMER, Judge.
David Dey appeals from a final order of probation that was entered after he pleaded no contest to possession of cocaine and reserved his right to appeal the denial of his motion to suppress. In this motion, Dey challenged the validity of his traffic stop. Dey was stopped by police because the windshield of the vehicle he was driving was cracked, according to the officer who testified at the suppression hearing. Drugs were found in the vehicle. The trial court denied Dey's motion to suppress, relying on Hilton v. State, 901 So.2d 155, 157 (Fla. 2d DCA 2005) (en banc) (designated as Hilton II by the supreme court), in which this court held that "an officer may stop a vehicle with a visibly cracked windshield regardless of whether the crack creates any immediate hazard."
Subsequent to the hearing, however, the Florida Supreme Court in Hilton v. State, 961 So.2d 284 (Fla.2007) (Hilton III), quashed this court's decision in Hilton II, concluding that
the provision of section 316.610 which authorizes vehicle stops for equipment that is `not in proper adjustment or repair,' § 316.610(1), Fla. Stat. (2001), does not encompass windshield cracks. Thus, a stop for a cracked windshield is permissible only where an officer reasonably believes that the crack renders the vehicle `in such unsafe condition as to endanger any person or property.' § 316.610, Fla. Stat. (2001).
961 So.2d at 292. Because the law that governs the validity of the stop has changed, we reverse and remand for the trial court to reconsider Dey's motion to suppress and, if necessary, to conduct a new evidentiary hearing. See Wheeler v. State, 344 So.2d 244, 245 (Fla.1977) ("The decisional law in effect at the time an appeal is decided governs the issues raised on appeal, even where there has been a change of law since the time of trial.").
Reversed and remanded, with instructions.
CASANUEVA and KELLY, JJ., Concur.