*1056
 
 LaROSE, Judge.
 

 Euryia Mobley appeals the summary denial of his rule 3.850 motion seeking relief from his conviction for possession of a firearm by a convicted felon.
 
 See
 
 § 790.23, Fla. Stat. (2004). We find merit in one of Mr. Mobley’s claims and, consequently, reverse as to that claim. We affirm, without further discussion, the other claims raised by Mr. Mobley.
 

 Police officers executed an arrest warrant for Mr. Mobley after he failed to report to his probation officer. Mr. Mob-ley barricaded himself inside his girlfriend’s house; he refused to come out. Entering through an unlocked door, five officers swept through the house.
 
 [1]
 
 Eventually, they found Mr. Mobley hiding in a bathroom. The door opened and a dog ran out. Next, Mr. Mobley’s girlfriend exited the bathroom and an officer took her outside. Several minutes later, Mr. Mobley came out.
 

 The officers handcuffed him, took him outside, and secured him in a patrol car. Corporal Thurman went back inside the house, ostensibly to see if anyone else was in the bathroom. Upon entering that room, he saw the butt of a gun protruding from a makeup bag. Ultimately, Mr. Mob-ley was convicted for possession of a firearm by a convicted felon. We affirmed his direct appeal.
 
 See Mobley v. State,
 
 928
 
 *1057
 
 So.2d 348 (Fla. 2d DCA 2006) (table decision).
 

 In his postconviction motion, Mr. Mobley alleges that his lawyer was ineffective for failing to move to suppress the gun. According to Mr. Mobley, the post-arrest search of the bathroom and seizure of the gun were illegal. The postconviction court disagreed, concluding that the officers could conduct a visual sweep after Mr. Mobley’s arrest. We review this legal conclusion de novo.
 
 See Balmori v. State,
 
 985 So.2d 646, 649 (Fla. 2d DCA 2008).
 

 Section 901.21, Florida Statutes (2004), provides:
 

 (1) When a lawful arrest is effected, a peace officer may search the person arrested and the area within the person’s immediate presence for the purpose of:
 

 (a) Protecting the officer from attack;
 

 (b) Preventing the person from escaping; or
 

 (c) Discovering the fruits of a crime.
 

 (2) A peace officer making a lawful search without a warrant may seize all instruments, articles, or things discovered on the person arrested or within the person’s immediate control, the seizure of which is reasonably necessary for the purpose of:
 

 (a) Protecting the officer from attack;
 

 (b) Preventing the escape of the arrested person; or
 

 (c) Assuring subsequent lawful custody of the fruits of a crime or of the articles used in the commission of a crime.
 

 Corporal Thurman returned to the bathroom for a “protective sweep” even though all occupants of the house were outside. On the facts before us, we see no lawful reason for a warrantless search of the bathroom.
 

 Maryland v. Buie,
 
 494 U.S. 325, 110 S.Ct. 1093, 108 L.Ed.2d 276 (1990), is strikingly similar. In
 
 Buie,
 
 police went to Mr. Buie’s house to arrest him.
 
 Id.
 
 at 328, 110 S.Ct. 1093. Several officers fanned out through the first and second floors.
 
 Id.
 
 Mr. Buie came out from the basement. He was arrested, searched, handcuffed, and taken from the house.
 
 Id.
 
 An officer returned to the basement “in case there was someone else” there.
 
 Id.
 
 The officer found evidence of a robbery that was used to convict Mr. Buie.
 
 Id.
 
 “[UJntil the point of Buie’s arrest the police had the right, based on the authority of the arrest warrant, to search anywhere in the house that Buie might have been found, including the basement.”
 
 Id.
 
 at 330, 110 S.Ct. 1093. If the officer’s entry into the basement was lawful, the seizure of the evidence — which he had probable cause to believe was evidence of a crime and which was in plain view — was also lawful.
 
 Id.
 
 The issue was whether the Fourth Amendment allowed the officer to enter the basement after Mr. Buie’s arrest.
 
 Id.
 

 A protective sweep, aimed at protecting the arresting officer, may be conducted only when the officer “possesses a reasonable belief based on specific and articulable facts that the area to be swept harbors an individual posing a danger to those on the arrest scene.”
 
 Id.
 
 at 337, 110 S.Ct. 1093;
 
 see also Runge v. State,
 
 701 So.2d 1182 (Fla. 2d DCA 1997). Such a sweep must last “no longer than is necessary to dispel the reasonable suspicion of danger and in any event no longer than it takes to complete the arrest and depart the premises.”
 
 Buie,
 
 494 U.S. at 335-36, 110 S.Ct. 1093;
 
 see also Nolin v. State,
 
 946 So.2d 52, 56 (Fla. 2d DCA 2006). “[TJhe purpose of such a search when an arrest takes place is to check for possible accomplices, not evidence, and is justified only if necessary to allow officers to carry out the arrest without fear of violence.”
 
 State v. Parker,
 
 399 So.2d 24, 29 (Fla. 3d DCA
 
 *1058
 
 1981). In
 
 Buie,
 
 the search occurred after “Buie was safely outside the house, handcuffed and unarmed.”
 
 Buie v. State,
 
 314 Md. 151, 550 A.2d 79, 86 (1988). The officer who conducted the post-arrest search “supplied no explanation for why he might have thought another person was in the basement.”
 
 Buie,
 
 494 U.S. at 338, 110 S.Ct. 1093 (Justice Stevens, concurring).
 

 As in
 
 Buie,
 
 Corporal Thurman entered the bathroom after Mr. Mobley was arrested and safely in a patrol car. Recall, too, that the officers had already escorted Mr. Mobley’s girlfriend outside. Our record offers no reason why the officers thought another person was in the bathroom. Mr. Mobley’s arrest was complete and the officers simply could have left.
 
 [2]
 
 A motion to suppress certainly had merit in light of
 
 Buie,
 
 a case decided fourteen yeai’s before Mr. Mobley’s arrest. We can discern no reason why counsel failed to file a suppression motion. But for the “protective sweep” of the bathroom, there would have been no evidence that Mr. Mobley possessed a firearm.
 

 On appeal from a summary denial of a postconviction claim of ineffective assistance of counsel by failing to file a motion to suppress, we must reverse unless the record shows conclusively that Mr. Mobley is entitled to no relief.
 
 See
 
 Fla. R.App. P. 9.141(b)(2)(A);
 
 McDuffy v. State,
 
 837 So.2d 590, 591 (Fla. 2d DCA 2003) (reversing denial where record contained no facts sufficient to warrant reasonable belief that home harbored dangerous criminals to justify protective sweep). The record before us indicates that Mr. Mobley’s trial counsel performed deficiently, to Mr. Mobley’s prejudice. Therefore, we reverse and remand for an evidentiary hearing or other appropriate relief with respect to this claim.
 

 Affirmed in part, reversed in part, and remanded.
 

 ALTENBERND and WHATLEY, JJ., Concur.
 

 [1]
 

 . If a peace officer fails to gain admittance after she or he has announced lier or his authority and purpose in order to make an arrest either by a warrant or when authorized to make an arrest for a felony without a warrant, the officer may use all necessary and reasonable force to enter any building or property where.the person to be arrested is or is reasonably believed to be.
 

 § 901.19(1), Fla. Stat. (2004).
 

 [2]
 

 .
 
 The Slate does not argue that the officers could return to the bathroom to search for evidence of a crime. We note, however, that Mr. Mobley initially was arrested for failing to report to his probation officer. We cannot imagine what evidence relating to his alleged violation of probation would have been found in the bathroom.
 
 See Arizona v.
 
 Gant,-U.S. -,-, 129 S.Ct. 1710, 1719-21, 173 L.Ed.2d 485 (2009).