SILBERMAN, Judge.
 

 Marvin Alonzo Murphy seeks review of his judgment and sentence for possession of cocaine and possession of drug paraphernalia. Murphy challenges the denial of his motion to suppress as well as the sufficiency of the evidence presented to the jury. We conclude that the evidence was sufficient to withstand Murphy’s motion for judgment of acquittal and decline to comment further on the issue. However, we reverse and remand for a new hearing on the motion to suppress because the state of the law regarding the reasonableness of a search incident to arrest has changed since the suppression hearing.
 

 Murphy was charged by information with trafficking in cocaine and possession of drug paraphernalia for events occurring on November 12, 2006. Prior to trial, defense counsel filed a motion to suppress 30.7 grams of cocaine and a scale, which were seized during the search of a purple Dodge Stratus. The motion alleged that the evidence was obtained as a result of an illegal, warrantless search of the vehicle.
 

 At the hearing on Murphy’s motion to suppress, Officer Douglas Fowler testified that he responded to a domestic battery disturbance call on November 12, 2006, at an apartment complex in Temple Terrace. When Officer Fowler arrived at the apartment complex, a bystander told him, “[T]he guy you’re looking for, he’s right over there.” The bystander pointed to a man standing between two buildings behind Officer Fowler. Officer Fowler turned around and saw Murphy. He made eye contact with Murphy and asked Murphy to come over to him. In response, Murphy turned around and started running in the opposite direction.
 

 Officer Fowler gave chase and Tasered Murphy. Murphy fell to the ground about ten feet from the purple Dodge Stratus, which was missing hubcaps and had a temporary tag. Officer Fowler arrested Murphy, patted him down, and placed him in the back of his patrol car. The officer had been told by his sergeant that there was a gun involved during the altercation and the gun was now missing. The officer had not found a gun on Murphy’s person during the pat down, and he asked the victim whether Murphy could have a gun on him. The victim responded in the affirmative.
 

 A bystander told the officer that she witnessed the domestic dispute. After the dispute, Murphy left the scene in a purple Dodge with a temporary tag and no hubcaps. Murphy returned shortly thereaf
 
 *124
 
 ter, and then Officer Fowler arrived. Officer Fowler ran the VIN number of the purple Dodge, but Murphy was not the registered owner. The victim told Officer Fowler that Murphy owned the vehicle and had been driving it to work. Another witness also told the officer that he had seen Murphy driving the vehicle.
 

 Officer Fowler then searched the vehicle and discovered the cocaine and scale that formed the basis for the underlying charges in this case. When Officer Fowler’s search of the vehicle failed to turn up the firearm, the officer again questioned the victim about it. At this point, the victim indicated that she was not sure that Murphy had been armed.
 

 The trial court denied Murphy’s motion to suppress. The court ruled that the search of the vehicle was legal under the Supreme Court’s decisions in
 
 New York v. Belton,
 
 453 U.S. 454, 101 S.Ct. 2860, 69 L.Ed.2d 768 (1981), which authorized a search of a vehicle incident to the arrest of an occupant of the vehicle, and
 
 Thornton v. United States,
 
 541 U.S. 615, 124 S.Ct. 2127, 158 L.Ed.2d 905 (2004), which extended
 
 Belton
 
 to authorize a search of a vehicle incident to the arrest of a “recent occupant” of a vehicle. The trial court determined that Murphy was a recent occupant of the purple Dodge because he was seen in the vehicle “just moments after the crime.” In so holding, the court relied on the Fourth District’s application of
 
 Belton
 
 and
 
 Thornton
 
 in
 
 State v. Waller,
 
 918 So.2d 363 (Fla. 4th DCA 2005).
 

 While this appeal was pending the Supreme Court issued
 
 Arizona v. Gant,
 
 — U.S.-, 129 S.Ct. 1710, 173 L.Ed.2d 485 (2009), in which it limited the scope of
 
 Belton
 
 and
 
 Thornton.
 
 In
 
 Gant,
 
 officers observed Gant enter a driveway in a vehicle, exit the vehicle, and shut the door.
 
 Id.
 
 at 1715. An officer, who knew that there was an outstanding warrant for Gant’s arrest, called to Gant, and the two approached each other. The pair met about ten to twelve feet from Gant’s car, where the officer arrested Gant for driving with a suspended license. After Gant was placed in the back of a police cruiser, the officers searched his car and discovered a gun and a bag of cocaine.
 

 The State charged Gant with possession of a narcotic drug for sale and possession of drug paraphernalia. Gant filed a motion to suppress the cocaine and the bag in which it was found, arguing that the search was not authorized under
 
 Belton
 
 because he did not pose a threat to the officers at the time of the search and he was not arrested for an offense for which evidence could be found in his car. The trial court denied the motion to suppress, and the Arizona Supreme Court reversed.
 
 Id.
 
 at 1715-16.
 

 On appeal, the United States Supreme Court recognized that many lower courts had interpreted its decision in
 
 Belton
 
 to permit police to search a vehicle incident to arrest regardless of whether the defendant could reach into that area at the time of the arrest.
 
 Id.
 
 at 1718. The Court concluded that such a reading was not consistent with its earlier jurisprudence limiting searches incident to arrest to those including “ ‘the arrestee’s person and the area “within his immediate control.” ’ ”
 
 Id.
 
 at 1716, 1719 (quoting
 
 Chimel v. California,
 
 395 U.S. 752, 763, 89 S.Ct. 2034, 23 L.Ed.2d 685 (1969)).
 

 Thus, the Court held that police are authorized to search a vehicle incident to arrest “only when the arrestee is unsecured and within reaching distance of the passenger compartment at the time of the search.”
 
 Id.
 
 at 1719. The Court also recognized another justification for a search of a vehicle incident to arrest; such a search would be justified “when it is ‘reasonable to believe evidence relevant to
 
 *125
 
 the crime of arrest might be found in the vehicle.’ ”
 
 Id.
 
 (quoting
 
 Thornton,
 
 541 U.S. at 682, 124 S.Ct. 2127 (Scalia, J., concurring)). Concluding that neither justification was supported by the facts of the case, the court affirmed the reversal of the trial court’s order denying Gant’s motion to suppress.
 

 Once
 
 Gant
 
 issued, we ordered the parties to submit supplemental briefs addressing the application of
 
 Gant
 
 to the facts of this case. In the supplemental initial brief, Murphy argues that
 
 Gant
 
 requires reversal because Murphy was not within reaching distance of the passenger compartment at the time of the search and it was not reasonable to believe evidence relevant to the crime of arrest might be found in the vehicle. In the supplemental answer brief, the State argues that the application of
 
 Gant
 
 requires affirmance because the officers reasonably believed that a gun used in the domestic disturbance might be found in the vehicle. The State also argues that Murphy lacks standing to challenge the search because there was no evidence he owned the vehicle.
 

 We note that the State raised its challenge to Murphy’s standing for the first time on appeal. While the issue can be addressed by this court,
 
 see McCauley v. State,
 
 842 So.2d 897, 900 (Fla. 2d DCA 2003), Murphy was never given an opportunity to meet his burden of proof on this issue. Accordingly, Murphy is entitled to an evidentiary hearing on the matter.
 
 See id.; Morales v. State,
 
 407 So.2d 321, 326 (Fla. 3d DCA 1981).
 

 On the merits, it is possible that the denial of Murphy’s motion to suppress was proper under
 
 Gant.
 
 Officer Fowler testified that he was told by his sergeant that a gun was involved in the domestic violence incident and the victim corroborated the sergeant’s statement.
 
 [1]
 
 Thus, if Officer Fowler arrested Murphy for the domestic violence incident, the search of the vehicle would be justified under
 
 Gant
 
 because it was reasonable for the officer to believe that evidence relevant to the crime of arrest might be found in the vehicle.
 

 However, the facts regarding the exact crime for which Murphy was initially arrested were not developed at the hearing on Murphy’s motion to suppress. This may have been because, under the law in effect at the time of the hearing, the exact crime of arrest would not have been important. Officer Fowler did not testify regarding the basis for arresting Murphy, and the arrest report does not clarify the issue because it refers to the arrest for the possession charges. While it appears that some witnesses gave Officer Fowler information about the domestic incident that may have supported an arrest on that basis, the State actually argued that the search was proper as incident to Murphy’s arrest for resisting an officer.
 

 If Murphy was initially arrested for resisting an officer, then it would not be reasonable for the officer to believe that evidence relevant to that crime would be found in the vehicle. In
 
 Gant,
 
 the Supreme Court specifically stated that a search incident to arrest is justified if the police could have reasonably believed “that evidence of the offense
 
 for which he was arrested
 
 might have been found therein.”
 
 Gant,
 
 129 S.Ct. at 1719 (emphasis added);
 
 see also Mobley v. State,
 
 14 So.3d 1055, 1058 n. 2 (Fla. 2d DCA 2009) (noting that the search of the bathroom of the defendant’s girlfriend’s house would not have been permissible under
 
 Gant
 
 because the
 
 *126
 
 court could not imagine what evidence relating to the defendant’s alleged violation of probation for failing to report to his probation officer would have been found in the bathroom).
 

 Because the evidence was not fully developed as relates to the issues addressed in the intervening Supreme Court decision in
 
 Gant,
 
 we are unable to determine whether the search of the vehicle was proper in this case. Accordingly, we reverse and remand for a new hearing on the motion to suppress.
 
 See Dey v. State,
 
 967 So.2d 1070, 1071 (Fla. 2d DCA 2007) (reversing and remanding for reconsideration of motion to suppress based on change in law regarding the validity of the traffic stop). On remand, the court shall consider the issue of Murphy’s standing to challenge the search of the purple Dodge Stratus if the State pursues a ruling on that issue.
 

 Reversed and remanded.
 

 CASANUEVA, C.J., and DAVIS, J., Concur.
 

 [1]
 

 . We recognize that the victim later expressed uncertainty, but it appears that she did so after the vehicle was searched.