GROSS, J.,
dissenting.
I would affirm because I believe that there were exigent circumstances justifying the detective’s warrantless entry into the apartment.
*1142 This is an “open view” case. The detectives stood outside the apartment, where they had a lawful right to be. They looked through an open door and saw the defendant in the kitchen, no more than five feet away. The defendant was wiping down the counter with a paper towel. On the counter, one detective saw a digital scale with cocaine and a straw on it. He entered the apartment and arrested the defendant because he was concerned that the defendant would wipe the substance off the scale and destroy the evidence.
An “open view” situation occurs “where the officer is not in a constitutionally protected place but can view contraband in a protected place from his or her vantage point.” Gilbert v. State, 789 So.2d 426, 428 (Fla. 4th DCA 2001); Murphy v. State, 898 So.2d 1031, 1033-34 (Fla. 5th DCA 2005). Situated where he has a right to be, an officer’s sighting of contraband inside a constitutionally protected area, such as a home or apartment, gives rise to probable cause to seize the item, “but the officer must still obtain a warrant or qualify under an exception to the warrant requirement to enter the dwelling and seize the contraband.” Gilbert, 789 So.2d at 428 (citing Ensor v. State, 403 So.2d 349 (Fla.1981)).
Exigent circumstances are an exception to the warrant requirement. Id.; see Murphy, 898 So.2d at 1034-35; Gnann v. State, 662 So.2d 406, 408 (Fla. 2d DCA 1995). One exigent circumstance that permits a warrantless entry into constitutionally protected space is the imminent destruction of evidence. Gilbert, 789 So.2d at 428. Here, the detective observed the defendant cleaning up the kitchen counter; it was objectively reasonable to assume that the defendant was about to wipe away the evidence on the scale. The facts, as they appeared at the moment of entry, “would lead a reasonable, experienced agent to believe that evidence might be destroyed before a warrant could be secured.” Id. at 429 (quoting United States v. Rivera, 825 F.2d 152 (7th Cir.1987)). Thus, faced with the imminent destruction of the cocaine on the scale, it was proper for the detective to move five feet into the apartment and place the defendant under arrest.
The majority relies on Gnann and State v. Garcia, 866 So.2d 124 (Fla. 4th DCA 2004), but places emphasis on the wrong fact — that the defendant was not aware of the detectives’ presence when he was cleaning up. The exigency exists because evidence is about to be destroyed not because of a defendant’s state of mind while performing the act of destruction. A defendant’s knowledge of the police presence leads to the conclusion that the defendant would do something to destroy incriminating evidence before a warrant could be obtained. Only for this reason is such knowledge relevant to the exigent circumstances inquiry. Here, the defendant was already cleaning up when the detectives arrived. Unlike the situation in Garcia, this was not a case where the exigent circumstance was created by the officers.
Also, the majority says that it “cannot infer” from the defendant’s actions in the kitchen “that he was in the process of destroying evidence.” However, in reviewing a ruling denying a motion to suppress, “we are to interpret the evidence and reasonable inferences and deductions drawn therefrom in a manner most favorable to sustaining the trial court’s ruling.” Jones v. State, 648 So.2d 669, 676 (Fla.1994). An experienced detective concluded that the defendant’s cleaning activity was about to extend to the scale. The tidal court believed the detective. The inference was not unreasonable and we are bound to accept it.
*1143 The majority has placed Detective Mijal in a catch-22 dilemma. It tells him that he needed a warrant to enter the apartment and make an arrest. However, he would be unable to get a warrant; there would be no reason to believe that contraband would be found in the apartment because the defendant had destroyed it.