WOLF, J.
 

 Appellant seeks review of his convictions and sentences for both trafficking and possession of methamphetamine. Appellant raises two issues: (1) whether the trial court erred by denying appellant’s motion to suppress, and (2) whether appellant’s convictions for both trafficking and possession of methamphetamine violated double jeopardy principles. Because there is merit to the first issue, we reverse. In light of our decision on the first issue, we decline to address the second point on appeal.
 

 As to the first issue, the trial court erred in denying appellant’s motion to suppress. Although consent to enter the residence was given by appellant’s girlfriend, Sheila Long, there was not a reasonable basis for the officers conducting the search to believe Long had the apparent authority to give her consent. Law enforcement may only rely on a person’s apparent authority to give consent if such consent is reasonable given the totality of the circumstances.
 
 See State v. Young,
 
 974 So.2d 601, 609 (Fla. 1st DCA 2008) (citing
 
 Illinois v. Rodriguez,
 
 497 U.S. 177, 188-89, 110 S.Ct. 2793, 111 L.Ed.2d 148 (1990)). In addition, if the basis for the asserted authority is not clear, the officer must conduct further inquiry before relying on the third party’s representations.
 
 Id.
 

 Here, Long called the Jackson County Sheriffs Office to request law enforcement come out and capture appellant on the property, but she was no longer on the property, nor did she meet officers at the property when they arrived. When Long contacted the sheriffs office, she admitted she and appellant were engaged in a domestic dispute before she made the call. Furthermore, the officer who took the call could not recall the exact words Long used or whether she expressly stated she owned the property or was a resident on the property. Finally, a driver’s license record search of Long, conducted prior to officers’ arrival on the property, indicated the property in question was not her residence. Thus, the officers’ belief that Long had the apparent authority to consent to a search of the trailer without further inquiry was not reasonable and the warrantless entry was unconstitutional. Accordingly, the trial court’s order is REVERSED.
 

 VAN NORTWICK and ROBERTS, JJ., concur.