CLARK, J.
 

 Johnnie Kohn appeals his convictions of attempted sexual battery and false imprisonment by force. We affirm without comment the trial court’s denials of mistrial and new trial pertaining to the State’s comments during closing argument. We write only to discuss Appellant’s argument that the trial court erroneously denied his pre-trial motion to suppress the evidence found in his residence by police officers who entered without a warrant. Because the totality of the circumstances gave the officers a reasonable basis to rely on the victim’s apparent authority to consent to entry of the apartment, the convictions on appeal are affirmed.
 

 At the suppression hearing, one of the law enforcement officers involved testified that he responded to a call from a home near Appellant’s apartment and observed a woman standing outside that home on the porch wearing only a bathrobe. The caller and owner of the home explained to the officer that the woman showed up at the house with no clothing, banged on the door, claimed that she had been raped and begged the homeowner to call the police. The homeowner made the call and provided the woman with the robe. The officer then spoke to the woman, who described how she came to be at that location without clothing, keys, or any personal effects. She told the officer that she was residing at Appellant’s apartment at his invitation, that she had a key to the apartment, and that her name had been added to the lease. After an evening of using intoxicants with Appellant and others, the woman and Appellant were left alone in the apartment. Appellant then physically attacked the woman, threatened to shoot her if she left the apartment, and “ripped her dress completely off from the center down and that’s how she ended up nude.” Appellant then reclined on the bed in the apartment with no clothing and an ashtray in his lap, and the woman sat next to him “until he passed out.” She then fled the apartment, leaving all her belongings, including her clothing.
 

 Based on this information, the officer transported the woman back to Appellant’s apartment. The officer testified that the woman assured him that she lived there and that she consented to the officer’s entry into the residence. The woman remained in the vehicle while the officer approached the open door of the apartment. From the doorway, the officer could see the interior of the apartment, including into the bedroom, where he observed Appellant lying naked on the bed with an ashtray in his lap, positioned exactly as the woman had described he would be. After calling out to Appellant and getting no response, the officer entered the apartment and found a dress where the woman said it would be located, “ripped down the center” just as she had described. The woman eventually entered the apartment as well, dressed herself, and retrieved her purse. Appellant and the woman were transported to the Sheriffs office to speak with an investigator. The officer testified that he never saw or heard anything which made him doubt the woman’s authority to enter the apartment or consent to his entry into the apartment.
 

 
 *390
 
 While the Fourth Amendment usually prohibits law enforcement officers from entering an individual’s home without a warrant, “a search conducted pursuant to a valid consent is constitutionally permissible.”
 
 Schneckloth v. Bustamonte,
 
 412 U.S. 218, 222, 93 S.Ct. 2041, 36 L.Ed.2d 854 (1973). “[W]hen the prosecution seeks to justify a warrantless search by proof of voluntary consent, it ... may show that permission to search was obtained from a third party who possessed common authority over or other sufficient relationship to the premises.”
 
 United States v. Matlock,
 
 415 U.S. 164, 171, 94 S.Ct. 988, 39 L.Ed.2d 242 (1974). Mutual use of the property by persons with joint access is commonly recognized as a sufficient relationship to the premises to validly consent to a search.
 
 See State v. Purifoy,
 
 740 So.2d 29 (Fla. 1st DCA 1999). The right of a third party to consent to entry of a residence is not dependent upon traditional property law, but the “common authority over or other sufficient relationship to the premises.”
 
 Marganet v. State,
 
 927 So.2d 52, 55 (Fla. 5th DCA 2006). In cases of mutual use of the property, “it is reasonable to recognize that any of the'co-inhabitants has the right to permit the inspection in his own right and that the others have assumed the risk that one of their number might permit the common area to be searched.”
 
 Marganet v. State,
 
 927 So.2d at 55,
 
 quoting United States v. Matlock,
 
 415 U.S. at 170, 94 S.Ct. 988.
 

 In light of the foregoing, the judgment required of law enforcement officers to determine whether a third person has the authority to consent to the entry and search of the premises is held to a “reasonableness” standard under the totality of the circumstances.
 
 See Brock v. State,
 
 24 So.3d 703, 704 (Fla. 1st DCA 2009). This objective standard was described in
 
 Illinois v. Rodriguez,
 
 497 U.S. 177, 199, 110 S.Ct. 2793, 111 L.Ed.2d 148 (1990) thusly: “would the facts available to the officer at the moment ... warrant a man of reasonable caution in the belief that the consenting party had authority over the premises?”
 
 See also Marganet v. State,
 
 927 So.2d 52, 56 (Fla. 5th DCA 2006).
 

 The totality of the circumstances in this case justified the officer’s reliance on the woman’s authority to consent to the search. The evidence presented at the suppression hearing supported the officers’ reasonable determination that she had sufficient connection to the apartment to constitute her actual authority to consent.
 
 Ferguson v. State,
 
 58 So.3d 360 (Fla. 4th DCA 2011) (female’s presence outside apartment, practically naked and beaten, her statement that she lived there with appellant, that all her clothes and belongings were inside, including her key, and that appellant had physically abused her and locked her out were sufficient indications to officers of female’s common authority and valid consent to entry). The officer was not required to wait to enter until he confirmed or verified the woman’s claim that she lived at the apartment, had a key, was named on the lease, and had left all her belongings, including her clothing, in the apartment when she fled from Appellant. The additional inquiries urged by Appellant might be required only where the basis for the consenter’s authority is unclear.
 
 See State v. Young,
 
 974 So.2d 601 (Fla. 1st DCA 2008).
 

 AFFIRMED.
 

 WOLF and THOMAS, JJ., concur.