WOLF, J.
Appellant seeks review of his conviction for possession of a firearm by a convicted felon. We reverse because the trial court erred in denying appellant’s motion to suppress.
The facts adduced at the motion hearing established that an officer was dispatched to appellant’s home following a domestic disturbance call. When the officer arrived, only the wife remained in the home. The officer, who knew appellant was a convicted felon, asked the wife if her husband had any guns in the home. The wife responded in the affirmative. The officer asked where the gun was located. The wife led him to the bedroom she shared with appellant and to the master closet which contained both her and appellant’s clothing. The wife told the officer that the gun was in a safe on the floor of the closet, and she did not have a key. The officer removed the safe from the closet and took it to his patrol car. He then pried it open with a screwdriver. A gun was found inside, and appellant was subsequently arrested. Only appellant’s belongings were found in the safe. After a hearing, the trial court denied the motion to suppress, finding the gun would have inevitably been discovered because probable cause existed to obtain a search warrant.
As a threshold matter, the trial court erred in denying the motion by relying on the inevitable discovery doctrine *238 because the facts do not support its application. Specifically, the inevitable discovery doctrine may be employed to deem a search lawful if probable cause to obtain a warrant existed and officers are “in the process of obtaining a warrant” when the search occurs. In McDonnell v. State, 981 So.2d 585, 592-93 (Fla. 1st DCA 2008), this court recognized that the inevitable discovery doctrine will not be applied in every case where the police had probable cause for a search warrant; the focus is on whether officers made an effort to get a warrant prior to searching and whether strong probable cause existed for the warrant. “ ‘[T]o excuse the failure to obtain a warrant merely because the officers had probable cause and could have inevitably obtained a warrant would completely obviate the warrant requirement of the fourth amendment.’ ” U.S. v. Reilly, 224 F.3d 986, 995 (9th Cir.2000) (quoting U.S. v. Echegoyen, 799 F.2d 1271, 1280 n. 7 (9th Cir. 1986)). Here, the officer testified that he did not attempt to get a warrant, and the State presented no evidence suggesting that he did. Accordingly, the trial court could not rely on the doctrine to support its denial of the motion to suppress.
On appeal, the State does not address the inevitable discovery doctrine but asserts affirmance is the correct result for two reasons. First, the State asserts the wife had authority to consent to the search of the safe because it was common property between her and her spouse. “[W]hen the prosecution seeks to justify a warrantless search by proof of voluntary consent, it ... may show that permission to search was obtained from a third party who possessed common authority over or other sufficient relationship to the premises.” U.S. v. Matlock, 415 U.S. 164, 171, 94 S.Ct. 988, 39 L.Ed.2d 242 (1974). However, common authority to consent does not, in and of itself, “permit search of any personal property contained within the premises.” Kelly v. State, 77 So.3d 818, 825 (Fla. 4th DCA 2012). “ ‘[T]here is no right on the part of a third party to consent to a search of personal property belonging to another person unless there is evidence of both common authority over and mutual usage of the property.’ ” Id. (quoting Marganet v. State, 927 So.2d 52, 57-58 (Fla. 5th DCA 2006)). This is so because “ ‘the right to consent rests not on the law of property but rests rather on mutual use of the property by persons generally having joint access or control for most purposes.’ ” Id. Further, a marital relationship, without something more, will not authorize a spouse to consent to a search of the absent spouse’s exclusively used, personal belongings. See Silva v. State, 344 So.2d 559, 561 (Fla.1977) (“Though the law in Florida concerning a spouse’s lack of authority to consent to a search of the couple’s premises is not without exceptions, it has generally been held that the husband and wife relationship, without more, does not authorize one spouse to waive the constitutional rights of the other by consenting to a warrantless search.”).
At the motion hearing, the wife testified that (1) the safe was given to her husband by his mother; (2) she did not have a key to the safe; (3) the safe housed her husband’s personal belongings; and (4) she did not have any of her personal belongings inside. As such, the wife did not have the actual authority to consent because she did not mutually use the safe. Marganet, 927 So.2d at 57-58.
Second, the State argues the officers had apparent authority to search the safe because it was found amidst the belongings of both spouses in their jointly owned bedroom and closet. However, “[l]aw enforcement may only rely on a person’s apparent authority to give con *239 sent if such consent is reasonable given the totality of the circumstances.” Brock v. State, 24 So.3d 703, 704 (Fla. 1st DCA 2009) (citing State v. Young, 974 So.2d 601, 609 (Fla. 1st DCA 2008)). If the basis for the asserted authority is not clear, the officer must conduct further inquiry before relying on the third party’s representations. Id. Here, prior to prying open the safe, the officer knew the wife did not have a key and that the safe contained appellant’s personal property. As such, it was incumbent upon him to conduct a further inquiry into the possession of the safe pri- or to forcing it open. For these reasons, we reverse the motion to suppress and remand for further proceedings consistent with this opinion.
We also reject the argument that exigent circumstances justified the war-rantless search. Once the officers had secured the safe, there was no reasonable probability that evidence would be destroyed or that the failure to conduct an immediate search would endanger persons or property.
REVERSED.
PADOVANO and MARSTILLER, JJ„ concur.