STEVENSON, J.
Appellant Jasheene Ward entered a negotiated, no contest plea to charges of trafficking in MDMA (count III) and possession of a firearm by a convicted felon (count IV), reserving his right to appeal the denial of his motion to suppress the drugs that formed the basis for the trafficking charge. The 31-year-old appellant was staying in a room at his mother’s house. Relying upon consent obtained from his mother, police searched the appellant’s bedroom and found the drugs in a box located in the bedroom closet. Appellant insists the evidence at the suppression hearing failed to establish that his mother had either the actual or apparent authority to consent to a search of the box found in the bedroom closet. We agree and reverse the conviction for count III.
Evidence at the suppression hearing established that, after appellant was arrested for another drug-related charge, police went to his residence. Appellant’s mother answered the door and told police that she was the owner of the home and that the appellant had been staying with her for about four months. Police testified the mother consented to a search of the premises after they informed her that they believed the appellant had drugs in his room resembling candy. Appellant’s mother told police she made the appellant’s bed, did his laundry and had “regular access” to his bedroom. In the defendant’s bedroom closet and behind a pair of jeans on an upper shelf, police found a box. Inside the box was a bag containing ecstasy pills. The closet had doors and contained adult men’s clothing.
“The Fourth Amendment prohibition against warrantless searches of an individual’s property does not apply when officers obtain consent either from the individual whose property is to be searched or from a third party who possesses ‘common authority’ over the premises.” Kelly v. State, 77 So.3d 818, 824 (Fla. 4th DCA 2012) (citing Illinois v. Rodriguez, 497 U.S. 177, 181, 110 S.Ct. 2793, 111 L.Ed.2d 148 (1990)). Common authority over the premises, however, “does not, in and of itself, ‘permit search of any personal property contained within the premises.’ ” King v. State, 79 So.3d 236, 238 (Fla. 1st DCA 2012) (quoting Kelly, 77 So.3d at 825). A third party cannot validly consent to a search of personal property belonging to another “ ‘unless there is evidence of both common authority over and mutual usage of the property.’” Id. Applying such principles, Florida’s appellate courts have held that a live-in girlfriend lacked the actual or apparent authority to consent to a search of a backpack in the garage, where she specifically identified the backpack as belonging to the defendant, see Kelly, 77 So.3d at 826; that the defendant’s wife lacked actual or apparent authority to consent to a search of a safe in the master bedroom closet, where she told police she did not have a key to the safe; see King, 79 So.3d at 239; and that the defendant’s mother lacked actual or apparent authority to consent to a search of a desk in the bedroom the defendant shared with his wife and son where police did not determine the mother “owned or used the *421 desk or had regular access to its contents,” see State v. Miyasato, 805 So.2d 818, 821 (Fla. 2d DCA 2001).
Here, even assuming the mother’s “regular access” to the appellant’s room for purposes of laundry and making the bed were sufficient to substantiate the mother’s apparent authority to consent to a search of the appellant’s bedroom, such facts were insufficient to allow police to conclude the mother had actual or apparent authority to consent to a search of the box. The box was in a closet that contained only men’s clothing and was hidden away on an upper shelf and behind a pair of jeans. There was nothing in the information known to police to suggest any mutual usage of, or common control over, the box. The trial court thus erred in denying the motion to suppress. Appellant’s conviction for count III is, accordingly, reversed.

Reversed.

WARNER and GROSS, JJ., concur.