WOLF, J.
Appellant, a juvenile, challenges his adult conviction for possession of ammunition by a juvenile delinquent. He asserts the trial court erred in denying his motion to suppress evidence discovered in his bedroom. Appellant lived in the home with his father and stepmother in their household. His stepmother gave consent for officers to search appellant’s bedroom; his father was not home at the time. Officers found ammunition in a box in appellant’s dresser drawer in his bedroom. Appellant moved to suppress the evidence, arguing his stepmother lacked the authority to consent to the search of the drawer and its contents, and the trial court denied the motion. We adopt the reasoning of State v. S.B., 758 So.2d 1253, 1254-55 (Fla. 4th DCA 2000), and hold that a parent may consent to a search of a juvenile’s bedroom.
This is not the first time we have had the opportunity to consider the authority of a third party to consent to a search on behalf of a co-occupant. In King v. State, 79 So.3d 236, 238-39 (Fla. 1st DCA 2012), we held, as between two cohabitating adults, a marital relationship alone does not give one spouse the authority to consent to a search of the other’s exclusively used, personal belongings. However, King considered the authority of third-party consent between two adults, not a juvenile. A juvenile does not have the right to exclude a parent from access or control over his or her personal belongings. See S.B., 758 So.2d at 1254-55. To hold as such would undermine the inherent authority of a parent. Id.
Here, we also extend that principle and find that under the circumstances of this case, the stepmother had the authority to consent to a search of appellant’s bedroom in her home and its contents. See United States v. Romero, 743 F.Supp.2d 1281, 1323-28 (D.N.M.2010).
The trial court’s order denying appellant’s motion to suppress evidence discovered in his bedroom dresser drawer is affirmed.
AFFIRMED.
OSTERHAUS, J., and SHEFFIELD, FRANK E., Associate Judge, concur.